INDEPENDENT STEAM FIRE ENGINE CO. v. RICHLAND LODGE.

REAL PROPERTY—CONTRACTS—DEMURRER.—The agreement in question gives the defendant the right to use the third story of the building for a "Masonic Hall" and for "masonic purposes" only, and as the complaint alleges that defendants have used it for other purposes, the plaintiff is entitled to some relief, either legal or equitable, and the complaint is not subject to demurrer.

Before GARY, J., Richland, June, 1904. Affirmed.

Action by Independent Steam Fire Engine Co. against Richland Lodge, No. 39, A. F. M.; Acacia Lodge, No. 94, A. F. M., and Columbia Royal Arch Chapter, No. 5, on the following complaint:

"I. That the plaintiff is now, and was at the times hereinafter mentioned, a corporation under the laws of the State of South Carolina, having first been incorporated as The Columbia Independent Fire Engine Company, on the 20th day of December, 1837, but last as Independent Steam Fire Engine Company.

"II. That the defendant, Richland Lodge, No. 39, A. F. M., is a corporation duly created under and by the laws of this State, as well as a constituent subordinate lodge and member of The Most Worshipful Grand Lodge of Ancient Free Masons of South Carolina, which is a corporation under the laws of said State, and has legal capacity as such to sue and be sued, and T. T. Talley is the presiding and warrant officer of said lodge.

"III. That the defendant, Acacia Lodge, No. 94, A. F. M., is a constituent subordinate lodge and member of The Most Worshipful Lodge of Ancient Free Masons of South Carolina, which is a corporation under the laws of the State of South Carolina, and has legal capacity to sue and be sued, and J. W. McCormick is the presiding and a warrant officer of said lodge.

"IV. That the defendant, Columbia Royal Arch Chapter, No. 5, is a constituent subordinate chapter and a member of The Most Excellent Grand Royal Arch Chapter of South Carolina, a corporation under the laws of said State, and has legal capacity to sue and be sued, and Julian P. Selby is the presiding and a warrant officer of said chapter.

"V. That the plaintiff is seized in fee, and has been for more than thirty years, of the following described premises: All that piece, parcel or lot of land, in the city of Columbia, county and State aforesaid, on the north side of Washington street, between Main and Assembly streets, in said city, measuring forty-eight feet on Washington street, and running back a depth of 105 feet 6 inches, being in shape a rectangular parallelogram, and bounded as follows, to wit: on the south by Washington street, on the east by an alley sepa-

rating it from the property formerly known as the city hall, north by lot of Carolina National Bank, and west by property now or formerly of J. L. Mimnaugh. And that the plaintiff is now and has been in actual possession of said premises and the building thereon, except the third story of the said building, for more than thirty years. That plaintiff's title thereto was recognized and confirmed by act of the legislature on the 13th day of February, 1900.

"VI. That the defendants claim an interest in said premises by reason of having contributed certain money for the erection of the aforesaid building, under and by virtue of a certain written agreement with the plaintiff, of which the following is a copy, to wit:

" 'State of South Carolina, Richland District.

" 'This indenture made and entered into this 27th day of August, Anno Domini 1867, between J. J. Mackey, Lewis Levy, John C. Sutphen, G. T. Berg and John Green, a board of trustees elected by the Independent Fire Engine Company of Columbia, S. C., with full power and authority to act in this behalf for, and in stead of, the said company, parties of the first part: and John McKenzie, master of Richland Lodge, No. 39; John Harrison, master of True Brotherhood Lodge, No. 84; Louis T. Silliman, senior warden of Acacia Lodge, No. 94; Joseph Mendel, master of Columbia Lodge, No. 108, and Robert McDougal, high priest of Columbia Chapter, No. 5; constituted a board of trustees of the fraternity of Ancient and Accepted Masons of Columbia, S. C., with the like power and authority to act in behalf of and in stead of the said masonic fraternity, parties of the second part,

" 'Witnesseth, That the aforesaid parties of the first and second part, hereby mutually and jointly agree "to erect" in the city of Columbia, on Washington street, between Richardson and Assembly streets, on the lot formerly occupied by the jail, and conveyed to the said company by the city council of Columbia, in exchange for the interest of said

company in the lot formerly occupied by said company on Richardson street—

" 'A three story brick building: To be erected and constructed in accordance with the plans and specifications of G. T. Berg, the architect, and of such dimensions as are in such plans prescribed; and it is hereby mutually agreed, that the above named board of trustees of the masonic fraternity of the second part, or their successors in office, will advance and pay, from time to time, in current funds, to G. T. Berg, the architect, or his successor in office, or to his order, such amounts as may be drawn for, towards the erection of the above named building (as is elsewhere understood), until the sum of $4,250 has been advanced and paid.

" 'And that, upon the completion of said building, in accordance with the aforesaid plans and specifications, the above named board of trustees of the first part, or their successors in office, will deliver possession of the third story thereof to the board of trustees of the second part, or their successors in office; and by these presents do grant, convey and secure to them, for the uses of the masonic fraternity aforesaid, the right to have, hold, occupy and enjoy the same as a "Masonic Hall," with convenient access thereto from Washington street, and to hold and enjoy the same free from any charge or liability for rent so long as the said building shall stand.

" 'And it is further agreed between the above named parties, that the said building shall be under the joint supervision and control of the said boards of trustees, or their successors in office, and that the same shall be kept in repair at their joint expense on the outside. And in the inside at the expense of the party occupying the rooms requiring such repairs.

" 'Each party, however, reserve the right to manage, arrange, furnish, adorn and adapt to their purposes the rooms occupied by them respectively. And it is further mutually agreed between the aforesaid parties of the first and second

part, that if the said building should be destroyed by fire, or other accident, that this indenture, and all the clauses herein contained, shall thereafter cease and determine, and that the parties of the first part shall be forever released from all the clauses and agreements in said indenture contained.

" 'It is hereby further understood that towards the erection of the aforesaid building, the trustees of the Independent Fire Engine Company of the first part, do hereby advance the lot fronting on Washington street forty-eight feet, and running back to the depth of 106 feet, and valued at $2,000, also a lot of bricks valued at $1,000, together with an amount in cash of $1,400, to make up the amount of the contract of G. W. Davis, the builder, of $6,600, for which the trustees of the Independent Fire Engine Company are to receive their portion (the first and second story) of said building unfinished; and the trustees of the masonic fraternity are to receive their portion, which is the third story, finished, together with access thereto, in accordance with the aforenamed plans and specifications.

" 'It is further and jointly agreed, that in case of the destruction of the aforesaid building by fire, or other accident, that the above named board of trustees of the masonic fraternity, or their successors in office, shall be entitled to one-half of the materials of which said building is constructed.

" 'In conclusion, it is mutually understood, agreed and desired, between the within contracting parties, that all the clauses and agreements in this indenture expressed are to be faithfully, honorably and perpetually carried out, in the spirit, intent and meaning thereof, between themselves and their successors in office.

" 'In witness whereof, we have hereunto affixed our hands, the day and date above written. J. J. Mackey, (L. S.) L. Levy, (L. S.) J. C. Sutphen, (L. S.) G. T. Berg, (L. S.) John Green (L. S.)

" 'Board of Trustees of the Independent Fire Engine Co.

" 'Witnessed in presence of W. T. Walter, T. W. Berry. Stamped.

" 'John McKenzie, (L. S.) John Harrison, (L. S.) L. T. Silliman, (L. S.) J. Mendel, (L. S.)' Robert McDougal, (L. S.)

" 'Board of Trustees of the Masonic Fraternity.' Stamped.

"VII. That upon the completion of the said three story brick building on said premises, the possession of the third story thereof was turned over to the trustees named therein for the use of the masonic fraternity of Columbia as a masonic hall, and for no other purpose whatever; and that the said masonic fraternity used the said third story as a masonic hall, and for no other purpose whatever until on or about the 15th day of January, 1900, when the defendants and the entire masonic fraternity, including the officers and trustees of the defendants, vacated and entirely ceased to use said story as a masonic hall, and moved into another building, wherein is kept and maintained their masonic hall, which is now the only masonic hall used as such by the masons of Columbia. That upon the said evacuation and abandonment of said third story as a masonic hall by the entire masonic fraternity, on or about the 15th day of January, 1900, the aforesaid written agreement, of date 27th day of August, 1867, ceased to bind the plaintiff or to give any further right or interest in said building, to the successors of those named as trustees for the masonic fraternity in said agreement, or to the defendants, or to the masonic fraternity, and all easements and personal rights theretofore held or enjoyed by the masonic fraternity ceased and determined forever.

"VIII. That the two lodges referred to in the aforesaid written agreement of 27h August, 1867, as True Brotherhood Lodge, No. 84, and Columbia Lodge, No. 108, and as contributing in part to the erection of said building, have long since become defunct and ceased to exist in law or fact. That all of the parties named in said agreement as trustees on behalf of said masonic bodies or fraternity have departed

37—70

this life, and there are no successors of the same now claiming any interest in said property, nor is the masonic fraternity claiming any interest therein.

"IX. That notwithstanding the facts hereinabove alleged, and the masonic fraternity never had any further interest in said property than as tenants without rent of third story so long as they used the same for a 'Masonic Hall,' the defendants wrongfully claim an interest in the entire property and the right of renting and using said story for other and entirely different purposes than that mentioned in the aforesaid agreement, and have actually rented the said third story to a labor union in no way connected with the masonic fraternity, and are causing said hall to be used exclusively otherwise than as a masonic hall.

"X. That the claim of the defendants to an interest in the property and the wrongful use of the third story thereof, is a cloud upon the title of the plaintiff.

"XI. That the plaintiff objects to the aforesaid use or renting of the said third story, and desires to effect a sale of its property, but is unable to do so at a reasonable and fair price on account of the claim and conduct of the defendants and the cloud thereby cast upon the property and the plaintiff's title thereto.

"Wherefore, the plaintiff demands judgment:·

"1. That the defendants be adjudged to have forfeited any and all rights under the agreement set out in paragraph V. hereof, and to have no present interest in the premises described in the complaint.

"2. For such other and further relief as to the Court may seem just and·proper."

The defendants demurred because it appears upon the face of the complaint that the same does not show facts sufficient to constitute a cause of action, in that:

"1. The complaint shows that the defendants, or the trustees on their behalf, have in the building and premises therein mentioned a fee simple interest or estate defeasible

only upon the fall or destruction of said building, an event which has not occurred.

"2. The complaint fails to state facts which show or from which it can be legally inferred that defendants have abandoned, forfeited or in any manner become divested of their rights and interest in said building and premises.

"3. The complaint shows that if it be true that the defendants' rights in said building and premises are held upon condition that the third story of said building be used as a masonic hall, nevertheless said condition has been fulfilled; or, if broken, plaintiff has made neither entry upon the same nor claim therefor.

"4. The complaint shows that defendants are in possession and enjoyment of the third story of said building, with appurtenant rights; and the plaintiff has an adequate remedy at law for the establishment of its rights and recovery of said premises."

From Circuit order overruling demurrer, defendants appeal.

*Messrs. Melton & Belser,* for appellants, cite: *Legal title to partnership property may be held by one partner, but in equity is subjected to rights of partners:* 135 U. S., 621; 22 Ency., 2 ed., 93, 94; 35 S. C., 314. *Masons are in possession of third story as owners, not as tenants:* 1 Wash., 439, 18, 83, 94; 1 Spear, 429; 18 Ency., 2 ed., 177, *et seq.*, 207; 1 Speer, 429; 57 S. C., 154; Wood. Land. & Ten., secs. 285, 288; Challis Real Prop., 197, 200; 15 L. R. A., 231; 35 S. C., 314; 3 Rich. Eq., 160. *As to construction of phrase, "Masonic Hall:"* 19 L. R. A., 26, 262; 2 Wash., 7; 15 S. C., 32; 16 Gray., 327; 7 Allen, 125; 23 W. Va., 187; 129 Ind., 38; 128 Ind., 38; 104 Fed. R., 716; 14 S. C., 162; 84 Me., 386; 18 (U. S.), L. ed., 502; 3 Brev., 205; 103 Pa., 608; 3 Allen, 9; 3 Gray., 142; 17 Pa., 96; 15 Pa., 500; 33 Pa., 415; 21 S. C., 51; 54 S. C., 288, 440; 10 Ency., 400.

*Messrs. Barron & Ray,* contra, cite: *Owner of fee may have parties enjoined from unauthorized use of property:* 60 S. C., 391. *The agreement cannot be construed to carry to defendants a fee defeasible on condition subsequent:* 15 S. C., 34; 65 S. C., 256; 13 L. R. A., 158. *Easement has been abandoned not to be used again and is forfeited:* Wash. Eas., 701; 4 McC., 96; Jones on Eas., 849, 852; 6 Greenl., 436; 30 Me., 98. *Action of ejectment will not lie against holder of easement:* 5 Rich. Eq., 334; Wash. Eas., 740; 60 S. C., 381; 10 S. C., 492; 54 S. C., 430.

March 6, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order overruling a demurrer to the complaint. It will, therefore, be necessary to set out the complaint in the report of the case. The main question in the case is whether his Honor, the Circuit Judge, erred in ruling that "under the written agreement set out in the complaint, the defendants cannot lawfully use the premises described in said agreement, except as a 'Masonic Hall' or for masonic purposes."

The construction placed upon the agreement by the Circuit Judge gives effect to all the terms of the agreement, while that for which the appellants contend would render inoperative and ineffectual the words, "as a masonic hall," which are plain and unambiguous. The allegations of the complaint show an invasion of the plaintiff's rights. It is, therefore, entitled to some relief either legal or equitable, and the complaint is not subject to demurrer when the plaintiff is entitled to any relief whatever.

These views render speculative the other questions in the case.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.