### POLLITZER v. BEINKEMPEN.

1. CLOUD ON TITLE.—One claiming legal title to land but not in possession cannot maintain an action in equity to have the title of one in possession of the land claiming under a legal title adjudged to be a cloud on his title.

2. ASSESSMENT OF LANDS OF DECEDENTS.—Sections 269 and 270, of Code of 1902, refer to assessment of lands as well as personal property of decedents, and under section 270, it is duty of the administrator to assess the lands of his decedent as lands of "the estate of" the deceased and to pay the taxes.

Before W. A. HOLMAN, Special Judge, Hampton, March, 1906. Reversed.

Action by Anna Pollitzer, Clara G. Pollitzer, Lily Guinberg, Richard A. Guinberg, and Emanuel S. Kuh, against M. A. Beinkempen. From judgment for plaintiff, defendant appeals.

*Messrs. Davis & Best* and *A. McIver Bostick,* for appellant. *Mr. Bostick,* cites: *Property of decedent should be*

*listed by administrator in name of estate*: Code 1902, 169, 271; 72 S. C., 491. *Sheriff's deed is prima facie evidence of title*: Code, 1902, 426. *The legal remedy being plain, no equity is left to plaintiff*: 34 S. C., 537; 4 S. C., 370.

*Messrs. Jas. W. Moore, W. S. Tillinghast* and *W. Huger Fitzsimmons,* contra. The two former cite: *As to assessment and sale:* 31 S. C., 548; 32 S. W., 398; 20 So., 202; 38 N. Y. Supp., 1087; 17 So., 731; 48 La. Am., 403; 15 S. C., 192; 85 Ind., 499; 93 Ind., 256; 39 Fla., 77; 142 U. S., 670; 41 S. C., 540; 70 S. C., 309; 1 Cool. Tax., 734; 106 Ala., 605; 82 Ala., 432; 93 Ala., 4; 149 Mass., 269; 69 Cal., 338; 104 La., 713; 104 Ia., 306; 58 Neb., 839; Black on Tax Titles, sec. 208. *Section 426 applies to defaulting taxpayer and not action in equity by a third party*: 37 S. C., 400; Code, 1902, 269, 421. *Two year limitation must be pleaded:* 16 S. C., 386; 22 S. C., 584; 70 S. C., 315. *Court of equity has jurisdiction to prevent a cloud on title:* 26 S. C., 7; 64 S. C., 229.

*Mr. W. Huger Fitzsimmons* cites: The sale and conveyance is void because the land was assessed, sold and conveyed in the name of the estate of deceased owner: Code, 1902, 269; 31 S. C., 574; Black on Tax Titles, 548; Code, 1902, 261, 263, 268, 270, 342, 343, 346, 352, 363, 366, 379, 380, 381, 406, 409, 421, 423, 2616, 2617; 41 S. C., 540; Black on Tax Titles, sec. 268, 105, 268; 61 Ala., 258; 31 Miss., 138; 23 N. Y., 281; 78 N. Y., 439; 17 N. Y. Sup., 655; 76 Mo., 549; 21 Fla., 461; 82 Ala., 432; 88 N. C., 251; Coke, 360; 90 Mo., 491; 152 Mass., 219; 90 Cal., 444; 87 Ala., 119; 36 La. Ann., 315; 7 Gray, 125; 30 La. Ann., 871; 61 Ala., 258. *Deed is void because no distress was issued against personalty:* 34 S. C., 354, 468; Black on Tax Titles, sec. 255; 5 Mass., 419; Wash. Real. Prop., sec. 638. *Suit in equity is proper remedy to remove claim on title by tax deed:* 158 U. S., 375; 5 Minn., 95; 29 Wis., 51; 39 N. Y., 386; 55 Mich., 504; 6 Pom. Eq. Jur., sec. 734;

14 N. Y., 1; 122 Cal., 540; 12 Mich., 414; 64 S. C., 229. *And two years' limitation is not bar to suit in equity*: 70 S. C., 315; 142 U. S.. 664; 6 Cal., 317; Black Tax Titles, sec. 497.

April 9, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, claiming the tract of land described in the complaint as heirs at law of Chas. S. Kuh, brought this action to set aside the tax title of the defendant, as a cloud on their title. The following statement of facts was agreed on by counsel: "That Chas. S. Kuh departed this life intestate over 26 years ago, and at the time of his death was the owner in fee of the tract of land described in the complaint. The plaintiffs are, and were at the time of the commencement of this action, his sole heirs at law.

"That the said tract of land was assessed for taxes in the year 1896 as the estate of Chas. S. Kuh, and was sold by the Sheriff of Hampton County under the tax execution in the name of the estate of Chas. S. Kuh, the said Kuh having died twenty-six years before the said assessment and sale. That from the death of the said Kuh, the said land had been so assessed for taxation and the taxes paid by his administrator, M. Pollitzer, each year, up to the year in which default was made and the land sold as aforesaid.

"That the defendant Beinkempen purchased the land at said tax sale and took the sheriff's deed to the same, under which deed he has held the land ever since, having gone into possession under said deed seven years and nine months prior to the commencement of this action, and plaintiffs and defendant by reason of the above facts claim title from a common source.

"It is conceeded that Chas. S. Kuh and his said heirs had title to the land up to the tax sale aforesaid, the same, however,. never having been distributed among the heirs or in any wise used or occupied by them. The sole question at issue is as to the validity of the tax title aforesaid, and the

holding of the defendant thereunder, based on the assessment and sale in the name of the estate of Chas. S. Kuh under the foregoing facts and circumstances. As a part of this statement the titles of the plaintiffs and defendant are herewith submitted."

The Curcuit Court held the tax title invalid, and ordered it to be set aside and decreed further, "that the defendant be perpetually restrained and enjoined from interfering with the possession of the plaintiffs to the land in question."

The two important questions made by the appeal are: 1st, Were the plaintiffs in a position to invoke the interference of the Court of Equity in behalf of their title and right of possession? 2d. Was the defendant's tax title valid against the plaintiffs as heirs at law of Chas. S. Kuh?

The claimant of the legal title of land cannot maintain an action to remove a cloud from his title unless he is in possession. His remedy is to bring his action on the law side of the court to recover possession, and thus test the title; for his adversary in possession is entitled to a trial by jury on the question of title and right of possession. We find no case in this State deciding the exact point, but the principle is clear and is supported by the overwhelming weight of authority in other jurisdictions. *Frost* v. *Spitley,* 121 U. S., 556; 17 Ency. P. & P., 306; *Helden* v. *Helden,* 45 Am. St., 373, note; Pomeroy Eq. Jur., sec. 1399, note. It is true, one who holds a perfect equitable title, though out of possession, may maintain a suit to remove a cloud from his title, or rather to obtain a decree of the Court, that though the legal title is held by another who may be in possession, yet it is inequitable that it should be asserted against him. The suit is allowed to the equitable owner out of possession, because in an action on the law side of the Court to recover possession or to try title, his equitable title, as a general rule, could not avail against the holder of the legal title; and hence, without the aid of the Court of Equity he would be remediless.

In this case no equitable title is asserted. The plaintiffs hold the legal title unless it is defeated by the tax sale or the statute of limitations. The sole question between the parties is, whether the legal title has passed from the plaintiffs by the tax sale. An action on the law side of the Court to recover possession would afford the plaintiffs a full and adequate remedy, and there is no ground for the intervention of a Court of Equity.

This conclusion is decisive of the appeal, but we consider the second question as to the validity of the tax title, because its decision is of public interest and may prevent further litigation as to this land. The plaintiffs contend the tax sale was invalid, because the land was listed and assessed as lands of the estate of Chas. S. Kuh, and not in the name of his heirs at law. Cases have been cited from other jurisdictions holding, that a valid tax sale cannot be made under an assessment of land as the estate of a deceased person, where the statute requires the land to be assessed in the name of the real owner, for the reason that the estate of the deceased person cannot be the real owner. Without criticism of these cases, we may say they afford very little assistance in determining the validity of a tax sale under our statute. If the law of this State contemplates that the administrator shall return the lands owned by the intestate at the time of his death, and the listing and assessment of such land as lands of the estate of such deceased person, that is an end of the matter. True, an estate or an administrator, as such, does not hold the title to the lands, but that is no reason why the General Assembly should not for convenience impose upon the administrator the duty of returning the land, and require the assessment in the name of the estate. Ownership by the estate or by the administrator is not a condition precedent to the power of the General Assembly to require property to be so returned and assessed. To impose the duty of returning such property on heirs, who may be widely scattered, or minors, or lunatic or in prison, would often result in great hardship. But what is more im-

portant, the statute provides that all the property of the tax-payer shall be liable to execution for taxes assessed against him.  To require the heir to return the real estate for taxation in his own name and assume liability for taxes on it, giving him no choice to reject the inheritance, would be most unjust.  Though the lands of an insolvent estate be of great value, they would be worthless to the heir; and if he be required by law to assume the ownership, return the land for taxation and pay the taxes, great and unjust loss might be inflicted by the levy of an execution on his personal property for taxes on the land.  In addition to this, it is not reasonable to suppose the General Assembly would impose upon tax officers the duty to unravel complicated inheritances and ascertain the heirs.  On the other hand, to require the return to be made by the administrator in the name of the estate, and the collection of the taxes from the property of the estate is fair to all, both creditors and heirs.

These considerations should have weight in giving interpretation to the statute.  Section 269, of the Civil Code, provides: "All persons required by law to list property for others, shall list it separately from his own, and in the name of the owner thereof; but shall be personally responsible for the taxes thereon for the year in which they list it, and may retain so much thereof, or the proceeds of the sale thereof, in their own hands, as will be sufficient to pay such taxes; *Provided,* That all lands shall be listed and assessed as the property of the person or persons having the legal title to, and the right of possession of, the land at the time of listing and assessment, and in case of persons having possession of lands for life, in the name of the life tenant: *Provided, further, That in the case of estates administered, the property shall be listed and assessed as the property of the estate of the person deceased;* that in case of trusts, the property shall be listed and assessed as the property of the trustee, styled as trustee, committee, or guardian, as the case may be; and that in case of bankruptcy, the property shall be listed and assessed as the property of the bankrupt.  And

any one who shall knowingly return land in the name of one not having the legal title to, and the right of possession of, the land at the time of listing and assessment, as provided in this section, shall be liable in an action for damages in an amount at least equal to the tax assessed at the suit of the one entitled to the possession of said land."

The contention of the plaintiffs is, that the clause we have italicized refers to personal property and not real estate. We can, however, see no good reason for so limiting the general and comprehensive language of the statute. The general provision is, "that all lands shall be listed and assessed as the property of the person having legal title to, and the right of possession of, the land at the time of the listing and assessment." The proviso makes the exception, "that in the case of estates administered the property shall be listed and assessed as the property of 'the estate of' the person deceased."

The term property embraces land as well as personal effects. Indeed, there is no term of similar signification having a meaning so comprehensive. There is not only an absence of any reason for restricting its meaning as used in the statute to embrace only personal property, but, as we have endeavored to show, every consideration of convenience and justice is in favor of attributing to the General Assembly an intention to require real estate, as well as personal property, to be listed and assessed as the property of the estate of the person deceased. The correctness of this interpretation is made still clearer by the following provision of section 270 of the Code: *"All property of deceased persons shall be returned for taxation at the residence of the executor or administrator, if in the county where administration may be legally granted; but if the executor or administrator reside out of such county, at the county seat of such county, until distribution thereof, and payment may be made to the parties entitled thereto;* and all other personal property shall be returned for taxation and taxed at the place where the owner thereof shall reside

at the time of listing the same, if the owner reside in this State; if not at the residence of the person having it in charge; and all real estate shall be taxed in the county, city, ward, and town where it is located.

"The owners of real property situate partly within and partly without any incorporated town or city, are hereby required to list the part in the town or city separately from the part outside the incorporate limits thereof."

Sections 269 and 270 refer in terms to the assessment and taxation of lands as well as personal property, and there is no ground upon which the Court can refer the provisions we have italicized to personal estate only.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the complaint be dismissed.