6897

## GUERARD v. JENKINS.

1. PLEADINGS—DEMURRER.—A COMPLAINT stating facts, which if proved would entitle plaintiff to any relief, is not demurrable on the ground that the facts alleged show that plaintiff is not entitled to the relief prayed for.

MR. CHIEF JUSTICE POPE *dissents.*

2. IBID.—IBID.—LIMITATION OF ACTIONS.—If a cause of action may be uereated by the plea of the statute of limitations, it must be pleaded and cannot be made effective by demurrer.

Before GAGE, J., Beaufort, September, 1907. Reversed.

Action by Arthur R. Guerard against Esther F. Jenkins, Robert E. Jenkins, Heyward Jenkins and Stockton Jenkins. From order sustaining demurrer, plaintiff appeals.

*Mr. W. Huger FitzSimons,* for appellant, cites: *Plaintiff can maintain action to remove cloud from title:* 71 S. C.. 522; 15 S. C., 337; 17 Ency., 669; 43 S. C., 38; 33 S. C., 404. *No allegation of possession by defendants and adverse claim:* 76 S. C., 517; 14 S. C., 493; 26 S. C., 497; 26 S. C., 244. *Court of equity has jurisdiction to set aside a tax deed:* 57 S. C., 78; 6 Pom. Eq. Jur., Sec. 734; 158 U. S., 375. *Tax deed is void:* Code 1902, 864; 1 Bail., 467; 4 Strob., 295; 34 S. C., 364; 33 La. Ann., 1162; 10 R. I., 358; 90 Ala., 178; 40 Ia., 158; 18 Ark., 441; 41 Ia., 378; Black Tax Titles, Sec. 282. *The two-year limitation tax act can not affect a suit in equity:* 70 S. C., 315; 142 U. S., 664; 6 Col., 317; Black Tax Titles, Sec. 497; 41 S. C., 540.

*Mr. W. S. Tillinghast,* contra: *Insists this case is ruled by Pollitzer* v. *Beinkempen,* 76 S. C., 517.

April 24, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an appeal from an order sustaining a demurrer to the complaint, and the question is not whether the complaint states a cause of action from

which the relief asked for could flow, but whether, on proof of facts alleged, the plaintiff would be entitled to any relief at all.

It appears from the complaint the defendants are in possession, claiming to own the land in dispute; and plaintiffs assert a legal title against them. The case of *Pollitzer* v. *Beinkempen,* 76 S. C., 517, is conclusive against the complaint as a statement of a cause of action to quiet the plaintiff's title to one-half interest in the land. But taking the complaint as true, it states a cause of action for the recovery of possession of one-half interest in the land from which, according to plaintiff's allegations, he was unlawfully ousted by his co-tenants, the ouster consisting in making a deed of conveyance purporting to convey the entire property. There is nothing in *Pollitzer* v. *Beinkempen* opposed to this view, for that case was heard on an agreed statement of facts which showed, as the Court held, that the plaintiff was not entitled to relief of any kind.

The fact that the plaintiff asks for a removal of the cloud on his title, when the allegations do not warrant relief of that character, does not prevent his having any other relief to which the facts entitle him. *Independent S. F. Co.* v. *Richland Lodge,* 70 S. C., 572, 50 S. E., 499; *McMillan* v. *McMillan,* 77 S. C., 511.

If it be true, this action, regarded as a legal action to recover possession of real estate, may be defeated by the plea of the statute of limitations, that plea must be set up in the answer; it cannot be made effective by demurrer. Code of Procedure, Section 94; *Jones v. Boykin,* 70 S. C., 315, 49 S. E., 877.

For these reasons the judgment of the Circuit Court is reversed.

MESSRS. JUSTICES GARY AND JONES *concur.*

MR. CHIEF JUSTICE POPE, *dissenting.* Action commenced on the 23d of February, 1907, by the service of sum-

mons and complaint. The case came on for trial before
his Honor, Judge Gage, at the September term of Court of
Common Pleas, 1907. A demurrer to the complaint was
interposed and sustained, and from the order sustaining
the demurrer this appeal is taken. It will be necessary for us
to set forth the complaint, which was as follows:

"The above named plaintiff, complaining of the above
named defendants, alleges:

1st. "That the plaintiff is now, and was at the times
hereinafter mentioned, the owner in fee simple of one undi-
vided moiety or half part of the following described tract of
land, to wit: All that certain piece, parcel or plantation of
land situate. * * *

2d. "That the defendants, Esther F. Jenkins, Robert E.
Jenkins, Heyward Jenkins and Stockton Jenkins, are, as
plaintiff is informed and believes, the heirs at law of the
late Robert E. Jenkins, and as such are entitled to the other
one-half interest in said School Farm No. 27, above de-
scribed.

3d. "That on or about the 11th day of March, 1863,
'The Swamp Place,' bounded northerly by the Pineland tract,
southerly by Bottom Hill, eastwardly by Shell Road, and
westwardly by the Campbell River land, containing five
hundred (500) acres, was sold by the United States Direct
Tax Commissioners for unpaid taxes, and bought in by the
United States under the act of Congress of June 7, 1862, and
acts supplemental thereto, a portion of which Swamp Place
was set apart for school purposes, and was included in
School Farm No. 27. That, on the 20th day of March,
1888, the United States, by Joseph W. Miller, Commissioner
of Internal Revenue, executed and delivered its certificate
of release of said School Farm No. 27 to plaintiff, Arthur
R. Guerard, and the then owner of the one-half interest,
the late Dr. Arthur R. Rose, said certificate reciting that the
said Arthur R. Guerard and Arthur B. Rose had produced
satisfactory evidence that they were, as owners, entitled to
redeem that portion of the said Swamp Place included in

15—80

said School Farm under the act of Congress of March 3, 1887, and had paid the taxes, penalties and interest and costs, and after such recital the United States, by said certificate, released to plaintiff and the said Dr. A. B. Rose all interest and title of the United States in said School Farm No. 27.

4th. "That the said Arthur B. Rose was the uncle of plaintiff, and during his lifetime, and at the time of his death, was the owner of the other undivided half interest of said School Farm No. 27 and managed the same, along with other property which he held of plaintiff for plaintiff. That Arthur B. Rose died on the 25th of June, 1892, intestate.

5th. "Plaintiff is informed and believes that on or about the     day of January, 1902, Emma E. Rose, Sophia G. Rose, Hugh B. Rose, Harriet M. Rose, Annie L. Rose, Alexander Rose, William H. Rose and Albert S. Rose, as heirs at law of the said Arthur B. Rose and of his deceased son, Edward Rose, executed a deed to Robert E. Jenkins, reciting that they were such heirs at law and as such entitled to the property conveyed, and by such deed attempted to convey the property described in the first paragraph herein, to wit: School Farm No. 27, in which property said parties only had an undivided one-half interest, the other half interest being then, and now, the property of the plaintiff.

6th. "That at the time of the said conveyance the said purchaser, Robert E. Jenkins, who was the husband of the defendant, Esther F. Jenkins, and the father of the defendants, Robert E. Jenkins, Heyward Jenkins and Stockton Jenkins, was sheriff of Beaufort county and knew, and should have known, that said deed conveyed and could convey no other or greater interest in said property than the one undivided one-half interest which had belonged to the said Arthur B. Rose, and the heirs at law of the said Arthur B. Rose knew, or should have known, that said deed conveyed and could convey no other or greater interest in said property, and could not convey the interest of plaintiff in the same.

7th. "That on the 4th of June, 1901, shortly before the execution and delivery of said last mentioned deed, the said R. E. Jenkins, sheriff of Beaufort county, under and by virtue of an alleged tax warrant or execution for delinquent taxes, claimed to be due to the County of Beaufort and State of South Carolina, attempted to sell and convey the property described in the first paragraph herein for the payment of said taxes, but plaintiff alleges that said sheriff had no valid tax warrant or execution upon which to make said sale.

8th. "That at said sale the said Robert E. Jenkins, who as sheriff attempted to make said sale under void execution, purchased said property at his own sale, taking the title first in the name of W. J. Thomas, who immediately, on the same day, June 4, 1901, executed a deed therefor to the defendant, Robert E. Jenkins, son of said sheriff. Plaintiff alleges that said sale, deed and purchase were illegal, null and void, not only because of said void tax execution, but because said sheriff was concerned and interested, both directly and indirectly, in the purchase of the property so sold by him officially. Plaintiff alleges on information and belief that said W. J. Thomas was not in fact the purchaser of said property, although the tax deed was made in his name, but was the attorney for the sheriff, who, as purchaser at his own sale, requested the said W. J. Thomas, as his attorney, to take the title in the name of the said W. J. Thomas.

9th. "That the said deed of Emma E. Rose et al., heirs at law of A. B. Rose, was recorded in the office of the register of mesne conveyance for Beaufort county, on the 25th day of April, 1903, and the consideration for said deed as expressed therein was $640.

10th. "That the said tax deed from Robert E. Jenkins, sheriff of Beaufort county, to W. J. Thomas, was recorded in the office of the register of mesne conveyance for Beaufort county on the 5th day of June, 1901, and the consideration therefor, as expressed therein, was only eight and ninety-hundredths dollars ($8.90). That the said

deed from W. J. Thomas to Robert E. Jenkins, Jr., the son of the sheriff, was also recorded on the 5th day of June, 1901, in the office of the register of mesne conveyance for Beaufort county, and the consideration therefor, as expressed therein, was for the sum of the consideration of the two deeds last referred to, namely, six hundred and forty-eight and ninety-hundredths dollars ($648.90), and plaintiff alleges on information and belief that six hundred and forty dollars ($640) of this six hundred and forty-eight and ninety-hundredths dollars ($648.90) was the same six hundred and forty dollars ($640) mentioned as the consideration of the deed from the heirs of A. B. Rose to the said Robert E. Jenkins, who was the sheriff, and that the remaining eight and ninety-hundredths dollars ($8.90) was the same $8.90 mentioned as the consideration of the deed from R. E. Jenkins, sheriff, to W. J. Thomas, and the whole of the said six hundred and forty-eight and ninety-hundredths dollars, the money so paid, was money of the said Robert E. Jenkins, who was then sheriff.

11th. "That the said attempted sale of the said land for taxes by the sheriff was made in June, 1901, nine years after the death of the said A. B. Rose, for alleged delinquent taxes listed and assessed against the illegal and void entry, 'Estate of A. B. Rose,' and said property sold in said illegal and void manner as property of the 'Estate of A. B. Rose,' under an illegal and void warrant from the county treasurer of Beaufort county, directed against land of 'the estate of A. B. Rose,' and the attempted sale of said land and of plaintiff's one undivided half interest therein as land of a person deceased at the time of the accrual of taxes, for which it is claimed said tax execution was issued, is null and void and said tax deed so made is null and void.

12th. "That said tax deed and sale was void so far as the interest of plaintiff herein is concerned, said land never having been listed or assessed for taxes in the name of the plaintiff as owner, nor sold and conveyed as land of plaintiff, and the most that said deed could have conveyed

would have been the interest of the party against whom the said execution was issued, namely, 'the Estate of A. B. Rose.'

13th. "Said tax deed and sale was also void because no bid equal in amount to the alleged taxes, penalties, costs and charges was made at said sale, and said sheriff had no authority to sell, and said purchaser no authority to take said lands at the price paid for same, and said sale could only have been made to the county auditor for the Sinking Fund Commission.

14th. "That said land was advertised for sale and sold by said sheriff as land of 'the estate of A. B. Rose,' and such advertisement was illegal, in that the same was not in the name of the plaintiff and the heirs at law of A. B. Rose, who were the persons having legal title and right of possession of said land at the time of the listing and assessment of the same for the taxes for which the said sale was made, and said sale was void and no title passed thereby.

15th. "That said deed of Emma E. Rose, *et al.,* heirs at law of A. B. Rose, to Robert E. Jenkins, is a cloud on plaintiff's title to his undivided one-half interest in said land, in that said deed on its face purports to convey, not only the one-half interest belonging to said heirs, but also the other half interest belonging to plaintiff, and depreciates the market value of plaintiff's said property and is a menace to the peaceable use and enjoyment of the same by the plaintiff, and should be vacated and set aside so far as it attempts to convey plaintiff's interest in said land.

16th. "That the said tax deed from the said Robert E. Jenkins, sheriff, to W. J. Thomas, and the said deed from W. J. Thomas to Robert E. Jenkins, Jr., are a cloud on plaintiff's title to said land and a menace to the peaceable use and enjoyment by plaintiff of the same, and should be vacated and set aside and cancelled on the record.

17th. "That plaintiff is informed and believes that the said Robert E. Jenkins and his heirs at law, since the execution of the aforesaid deeds, have been in the possession of

the said land and have received all the rents and profits thereof, and have cut from said land quantities of wood, and plaintiff alleges that by reason thereof defendants are indebted to plaintiff in the sum of $          as his share of the proceeds of said rents and profits and wood—no part of which has been paid.

18th. "That the plaintiff is informed and believes that the said Robert E. Jenkins, the former sheriff of Beaufort county, departed this life intestate about four years ago, leaving the defendants, Esther F. Jenkins, his widow, and his three sons, the defendants, Robert E. Jenkins, Heyward Jenkins and Stockton Jenkins, as his only heirs at law.

"Wherefore plaintiff prays judgment:

"First: That said alleged deed of the heirs at law of A. B. Rose to Robert E. Jenkins be set aside so far as it purports to convey the interest of plaintiff in said land.

"Second: That said tax deed to W. J. Thomas and said deed of W. J. Thomas to Robert E. Jenkins, Jr., be vacated and set aside and ordered cancelled on the record.

"Third: That defendants account to plaintiff for his one-half interest in the rents and profits and wood cut from said land.

"Fourth: And for such other and futher relief as may be just and proper."

To this complaint the defendants demurred, as follows:

"Please take notice, that the defendants herein demur to the complaint herein, and will move the presiding Judge, on the call of this case on the calendar, at the next term of this Court, to dismiss the same, on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action, in that it is alleged therein that plaintiff claims legal title to half the land described in the complaint, and that defendants are in possession thereof, claiming the whole of the tract of land under legal title, and that the action is in equity to have the title of defendants adjudged to be a cloud on plaintiff's alleged title, and to have defendants' title set aside, and that more than two years had

elapsed from the date of the alleged sale of the land for taxes before the commencement of this action."

When the case was heard, Judge Gage sustained the demurrer, the plaintiff then appealed upon eight grounds, which we will now consider.

It is very evident that the parties to this controversy claim the ownership of certain real estate in Beaufort county, South Carolina. Ordinarily, as required by section 274 of our Code, the issues of this action must be tried by a jury, relating as they do to specific real estate, but the plaintiff seeks to avoid a trial by jury, by his efforts to raise issues in equity which need not be tried by a jury. A reference to the complaint shows that, while the plaintiff asserts ownership of one-half of the land, he admits that the defendants are now in the possession of the same, and alleges that the defendants not only claim the land, but have received all the rents and profits and have cut from said land quantities of wood; this last is made by our statute to cover the possession of the land. The plaintiff, as we have just said, seeks to avoid a trial by jury of the rights of the defendants to one-half of the land by alleging that the title to one-half of the said land comes through a tax deed from one W. J. Thomas to one Robert E. Jenkins, and he seeks to have said deed vacated and set aside as a cloud upon his title. As remarked in the case of *Pollitzer* v. *Beinkempen,* 76 S. C., 520: "The claimant of the legal title of land cannot maintain an action to remove a cloud from his title unless he is in possession. His remedy is to bring his action on the law side of the Court to recover possession and thus test the title; for his adversary in possession is entitled to a trial by jury on the question of title and right of possession. We find no case in this State deciding the exact point, but the principle is clear and is supported by the overpowering weight of authority in other jurisdictions." *Frost* v. *Spitley,* 121 U. S., 556, 17 Enc. P. & P., 306; *Helden* v.*Helgen,* 45 Am. St. Rep., 373, and note; Pom. Eq. Ju., sec. 1399 and note.

Reflection teaches us that jury trials are relied upon in all contests for the possession and ownership of land and should be so. Life is made up of such a variety of circumstances that our ancestors have ever viewed the proper solution of title to the land triable by a jury. We do not mean to pass upon the right of either party to the land in controversy. All we mean to do is to insist that such questions as exist between these parties litigant shall be settled in that forum provided in our Constitution and Laws.

Under these circumstances, I think the demurrer was properly sustained, and the judgment of this Court should be, that the judgment of the Circuit Court be affirmed.