12643

LANCASTER v. MILLER

(148 S. E., 371)

234

236

*Messrs. Timmerman & Graham,* for appellant,

*Messrs. John T. Seibels,* and *Efird & Carroll,* for respondent,

April 19, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, Ola H. Lancaster, executrix of the last will and testament of Robert A. Lancaster, deceased, against the defendant, Plumie E. Miller, was commenced in the Court of Common Pleas for Lexington County, April 6, 1924, for the purpose of setting aside a tax sale and deed of the Sheriff of said County to the defendant, upon grounds set forth in the complaint, which will be reported. The defendant in her answer, which will also be reported, sets up several defenses.

By order of his Honor, Judge Shipp, the case was referred to the Clerk of Court of Lexington County, as special referee, for the purpose of taking the testimony and reporting the same, and the case was heard by his Honor, Judge J. W. DeVore, who filed a decree dated August 4, 1926, setting aside the deed of the Sheriff to the defendant. From the decree of his Honor, Judge DeVore, the defendant has appealed to this Court.

The exceptions present several questions, but under our view of the case it is only necessary for this Court to consider the questions raised by the third exception. This ex-

ception is as follows: "The Court erred in not finding and holding that the plaintiff nor her testator were in possession of the premises in controversy at the time of the institution of this action and could not maintain this action to remove cloud from the alleged title of the plaintiff."

The facts involved in the case pertinent to the questions we shall discuss, briefly stated, are as follows:

August 8, 1912, Pennie Lee Smith executed and delivered unto Dr. R. A. Lancaster three promissory notes, each in the sum of $235, and on said date as security for the payment of said notes executed and delivered unto Dr. Lancaster a real estate mortgage covering the lots of land involved in this suit, which were conveyed to Pennie Lee Smith by Dr. Lancaster on the same date. On the 14th of February, 1916, foreclosure suit having been commenced on the said mortgage, lis pendens was filed. Pennie Lee Smith, the defendant in that suit, defaulted, and a decree of foreclosure was issued in 1916 or 1917, the exact date not appearing in the record, but the land was not sold at that time. It appears that no further steps were taken at that time to get the matter closed up, on account of plaintiff's attorneys being called into military service in the World War. In the year 1918, Mr. Seibels, now of counsel for the plaintiff in the case at bar, represented Dr. Lancaster in trying to clear up the tax question with the Sheriff concerning the land, and also in 1921 as to the same matter; and, pending the enforcement of the decree of foreclosure, in the year 1922, Dr. Lancaster died, leaving of force his last will and testament, which was duly admitted to probate, under which will Mrs. Ola H. Lancaster, widow of Dr. Lancaster, was named the sole legatee, devisee, and executrix, and qualified as such executrix. Thereafter, Mrs. Ola H. Lancaster, as such executrix, was substituted as plaintiff in said foreclosure suit, and on salesday in December, 1922, the said lots of land were duly sold under the said original decree of foreclosure and amended order of sale, by the Clerk of Court of Lexington County unto the

plaintiff, and she received from said officer a deed of conveyance to said lots of land.

On July 13, 1915, Sim J. Miller, as Sheriff of Lexington County, by virtue of a tax execution lodged in his office by E. L. Wingard, Treasurer of Lexington County, dated April 26, 1915, levied upon the lots of land in question, as the property of Pennie Lee Smith, and thereafter sold the same at public auction, after advertising the same in the Lexington Dispatch News for the required length of time, to one W. M. Laird for the payment of taxes owing thereon, but before the execution of deed of conveyance the said W. M. Laird transferred his bid to Mrs. Plumie E. Miller, defendant herein, and the Sheriff's deed was thereafter executed unto the said Plumie E. Miller, conveying unto her the lots in question.

On the 6th of April, 1924, the present suit, styled in the transcript as "Complaint to Remove Cloud From Title," was commenced. In the complaint the plaintiff alleges that "the plaintiff has been, and is now the legal owner and holder of fee simple of said lots of land and in possession thereof," and that the "said alleged tax conveyance is invalid, for the reason that the said sale by the Sheriff on which it was based was not in accordance with the law in such case made and provided, and that the delivery of said instrument without notice as required by law to the said Robert A. Lancaster, deceased, as mortgagee, was invalid, and in violation of his rights as mortgagee. That the plaintiff is informed and believes that the said defendant has recently caused a notice reading 'For Sale' to be set up on said lots of land, and plaintiff alleges that the existence of said outstanding instrument in the nature of a Tax Deed, and especially the claim thereunder, constitutes a cloud on plaintiff's title." And the plaintiff asked for judgment that the said alleged "Tax Conveyance" be surrendered and canceled.

Judge DeVore held, under the proof in the case, that in making the said tax sale, the Sheriff failed to comply with the law governing tax sales then of force, as to notifying

mortgagees, in that there was no proof that written notice was served on the mortgagee in person or forwarded to his last-known post office address by registered mail, etc., and ordered the tax deed canceled, requiring the plaintiff to pay unto the defendant the amount the land sold for at the Sheriff's sale, together with all the money since paid by her for taxes on said lands, with interest at 8 per centum per annum since the date of payment.

It is the contention of the appellant that neither the plaintiff nor her testator was in possession of the land in question at the time of the commencement of this action, and for that reason the plaintiff cannot maintain the action to remove cloud from the alleged title of the plaintiff. According to our view of the case, this contention must be sustained.

The proof is that in the year 1915, the Treasurer of Lexington County issued a tax execution against Pennie Lee Smith for taxes for the year 1914, and after making an effort to collect the taxes and having failed to collect on this execution, the Sheriff seized the land in question, as the property of the said Pennie Lee Smith, went upon the land and posted notice thereon that the lots were seized for taxes, and left the notice posted on the lot showing that the same had been seized under tax execution, and following this act due advertisement of the sale of the lots was published in the Lexington Dispatch News for the required time, and in addition notice of the sale was posted. In accordance with the published notice which appears to have been in due form, the land was offered for sale on the first Monday in August, 1915, and was bid off by W. M. Laird. Later on Mr. Laird assigned his bid to the defendant, who paid in the money and received from the Sheriff deed of conveyance for the land in question. The evidence further shows that the Sheriff, after executing and delivering to the defendant the deed of conveyance, put her into possession of this land, which consisted of vacant lots, and she proceeded at once to exercise authority over the same, and later had the briers cut down and cleared off of the lots, has paid the taxes on the lots

each year, and there is ample testimony that she has been in possession of the same from the time she was placed in possession by the Sheriff until the present time, being in possession at the time this action was instituted.

The plaintiff offered in evidence the deed she received from the Clerk of Court and introduced some testimony tending to show she was in possession, but this testimony was not at all conclusive. As contended by respondent, "a party with a valid legal title is presumed to be in possession, and this presumption must be met by party denying same," but under our view of the evidence in the case the defendant has overcome that presumption, and the proof supports appellant's contention that the defendant, and not the plaintiff, was in possession at the time the action was instituted. Therefore, under the authority of the case of *Pollitzer v. Beinkempen*, 76 S. C., 520, 57 S. E., 475, and *Wilson v. Dove*, 118 S. C., 256, 110 S. E., 390, this action to remove a cloud on plaintiff's title cannot be maintained.

We do not consider it necessary to pass upon the other questions raised by the exceptions, and we express no opinion as to the same.

It is the judgment of this Court that the judgment of the Circuit Court be and is hereby reversed, and the complaint dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.