15105

COOPER *ET AL.* v. BAXLEY

(9 S. E. (2d), 721)

*Messrs. Hinds & Gayle* and *M. L. Meadors,* for appellants,

*Messrs. Lee & Shuler,* for respondent,

June 18, 1940.

The opinion of the Court was delivered by Mr. Justice Stukes.

This action was commenced on April 25, 1936, by the service of summons and complaint in which latter it was alleged in substance that the plaintiffs are the heirs-at-law of one Sam Cooper who died intestate more than twenty years since seized and possessed of a tract of 55 acres of land in Williamsburg County of which the plaintiffs took possession at the time of their inheritance and held same until the conveyance to defendant afterward referred to; that upon an execution issued against "the estate of Sam Cooper," as the land was listed and assessed, for State and county taxes for the year 1929, in the amount of fourteen and 90/100 ($14.90) dollars, the property was sold by the sheriff on May, 1931, sales day and bid in by the county auditor for the Forfeited Land Commission of the county for the stated amount, pursuant to which the Sheriff made deed to the commission dated May 8, 1933, and the commission on September 15, 1934, undertook to convey the land to the defendant; that there has been no administration on the estate of Cooper, hence the assessment against the "estate of" him was illegal; that the sheriff did not take exclusive possession of the land before the sale, nor was the purchaser put in possession; that the plaintiffs had offered to refund to defendant the amount paid on the execution, which tender was held open; and that in view of the allegations the pretended sales and conveyances of the property are invalid and the deeds referred to null and void. The prayer is that the deeds be so adjudged and for such other and further relief as the Court may deem just and proper.

The answer, in material substance, contains a denial of the illegality of the assessment and the other legal conclusions of the complaint, denies knowledge or information sufficient to form a belief as to some of the material allegations and then recites the tax execution, that the sheriff

levied upon, seized and took exclusive possession of the premises, necessary to pay the delinquent taxes, under which levy the premises were duly advertised and sold to the Forfeited Land Commission which thereafter conveyed to the defendant and that the sheriff put the commission into exclusive possession after its purchase; that for more than twenty-five years the land was listed and assessed for taxes in the name of "estate of Sam Cooper" and the taxes paid; that the sales and conveyances were legal and valid; and the two-year Statute of Limitations was pleaded; and further that the defendant is the owner in fee in possession and the plaintiffs have no interest; and the prayer of the answer is that the complaint be dismissed.

*A consent order of general reference* was made by the resident Judge to F. R. Hemingway, Esquire, of the Kingstree bar, as special Referee. In due time he took testimony and reported his findings of fact and conclusions of law to the effect that the deeds of the sheriff to the Forfeited Land Commission and from the commission to the defendant should be declared void, that possession of the land be restored to plaintiffs and that the plaintiffs be required to pay the defendant "the amount for which the said tract of land was sold for taxes, and all taxes subsequently paid on said land by the defendant"; and that for the latter purpose and the determination of the amounts required to be paid, the reference should be held open.

From the testimony, none of which is in the record for appeal, and the law which he considered applicable, the Referee found that the listing and assessment of the land as that of the "estate of Sam Cooper" was illegal and rendered the levy, sale and deed by the sheriff null and void; that the attempted levy on and taking possession of the land was legally insufficient; and that the Forfeited Land Commission was not put into possession of the land pursuant to the sale and actually never took possession or exercised any ownership other than its attempted sale to the defendant who thereupon, on September 15, 1934, went into

possession and has since so continued, but that her title was no better than that of the commission at the time of its attempted sale; and that the limitation pleaded by the defendant, Section 2859 of the Code of 1932, is not applicable to the case under the decisions of this Court. He finally found upon the contention of the defendant that the action is one to remove cloud from title or to quiet title and cannot be maintained by a party or parties out of possession at the time of the commencement of the action, that although the action is not designated and the relief prayed for is indefinite, its real purpose is to recover possession of the land to which plaintiffs are entitled upon his finding that the deeds in question are void.

To the conclusions and recommendations of the Referee the defendant took two exceptions only, first, to the finding that the purpose of the action is to recover possession of the land, and second, to the refusal of the Referee to recommend the dismissal of the complaint upon the ground that the action, which is alleged to be to remove cloud upon or quiet title, cannot be maintained by the plaintiffs who are out of possession against the defendant who is in possession of the land.

It will be noted that all of the other conclusions of the Referee became the law of the case because there was no exception thereto and no question with respect to any of such other findings was before the Circuit Judge and, of course, none such as before this court.

Upon the hearing of the report and the exceptions in the lower Court it was ordered that the exceptions be sustained and the complaint dismissed; such order, omitting formal parts, is as follows: "In the Complaint a cause of action to remove cloud on title is clearly stated. After issue was joined by the service and filing of an Answer on the part of the defendant, a reference was held on April 26, 1939, and on May 23, 1939. The Referee finds, as a matter of fact, that at the time of the institution of this action, the defendant was in possession of the land in question, and

that plaintiffs had no possession thereof. The Referee states in his report, as a matter of opinion, that the complaint in this action is one to recover the possession of land. However, I am satisfied beyond any doubt that this complaint states a cause of action to remove cloud on title. The exceptions of the defendant raise one question, and that is whether or not persons claiming the title to land, and not in possession thereof, can maintain an action against a defendant in possession of land to remove cloud on title. Counsel for defendant have cited the cases of *Pollitzer v. Beinkempen,* 76 S. C., 517, 57 S. E. (475), 476; *Wilson v. Dove,* 118 S. C., 256, 110 S. E., 390, and *Lancaster v. Miller,* 151 S. C., 233, 148 S. E., 371, all of which clearly hold that a person not in possession of land, but claiming legal title thereto cannot maintain an action against a defendant in possession to remove cloud on title. I have carefully considered these cases in view of the facts of the present case, and I am satisfied that the complaint in this case should be dismissed."

The plaintiffs have appealed upon several exceptions which they state in argument present two questions as follows:

"1. Are the plaintiffs entitled to any relief under the allegations of the complaint?

"2. Has the defendant waived her right to object to the form of the complaint?"

Respondent cites a single question as follows: "However, we believe that the only question involved here is the one raised by exception before the Circuit Judge, namely, whether or not plaintiffs claiming title to the land in question, and not in possession thereof, can maintain an action against defendant who is in possession thereof for the purpose of removing an alleged cloud on title?"

Section 477 of the Code of Procedure, 1932, provides: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally con-

strued, *with a view of substantial justice between the parties."* (Emphasis added.)

It was early decided under the Code that the latter displaced the contrary rule of the common law that a pleading should be construed strongly against the pleader. *Childers v. Verner,* 12 S. C., 1. And this Court has repeatedly held that if a complaint contains allegations which when construed liberally, if necessary, entitle the plaintiff to relief by stating any cause of action, however it may be miscalled, it will not be dismissed. *Independent Steam Fire Co. v. Richland Lodge,* 70 S. C., 572, 50 S. E., 499; *McMillan v. McMillan,* 77 S. C., 511, 58 S. E., 431; *Guerard v. Jenkins,* 80 S. C., 223, 61 S. E., 258; *Cleveland & Williams v. Butler,* 94 S. C., 406, 78 S. E., 81; *Walsh v. Evans,* 112 S. C., 131, 99 S. E., 546, 548.

Many of these and similar cases were decisions on demurrer, which course we think respondent should have pursued in this case in order to have made timely presentation of her position, first taken by her at the trial before the Referee without prior written notice. See Code, § 462. The complaint plainly implied that plaintiffs were out of possession at the time of the commencement of the action by the allegation in the sixth paragraph that they had been in possession "until the time of the alleged sale and conveyance.  *  *  *" It was incumbent upon respondent in her view that the complaint could be construed to state only a cause of action to quiet title or remove cloud therefrom, and that defectively because the complaint showed the plaintiffs out of possession, to demur or raise the question by answer.

Instead she answered in such form, narrated above, as to come within the rule plainly stated in *Walsh v. Evans, supra,* as follows: "The defendant  *  *  *  plainly pleaded by the answers  *  *  *  paramount title to that of the plaintiffs, and the two pleadings  *  *  *  fixed the issue that was made, and thereby fixed the character of

the action as one to recover real property." We think that authority is conclusively against respondent's position.

In this view the decisions cited by his Honor, the Court below, for his contrary ruling are not in point. We shall briefly refer to them.

*Pollitzer v. Beinkempen,* 76 S. C., 517, 57 S. E., 475, 476, was admittedly an action in equity to set aside a tax deed as a cloud on plaintiff's title, and upon consideration of the whole controversy upon an agreed statement of facts this Court decided that plaintiffs were not entitled to any form of relief. In *Wilson v. Dove,* 118 S. C., 256, 110 S. E., 390, there was likewise no contest as to the nature of the action, it being also admittedly in equity to remove a cloud from plaintiff's title. The same comment is applicable to the case of *Lancaster v. Miller,* 151 S. C., 233, 148 S. E., 371, in which it should be further noted plaintiff expressly alleged possession in herself at the time of the commencement of the action which defendant denied, and such became an issue, finally concluded against the plaintiff.

Appellant's exceptions are therefore sustained, the order appealed from reversed and the case remanded to the Circuit Court for further proceedings consistent with the conclusions and recommendations of the Referee.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND concur.

## ON PETITION FOR REHEARING

Denied July 5, 1940.

*Per curiam.*

The ably prepared petition for rehearing herein has received the careful consideration it deserves and the record has been reviewed in the light of it. However, we do not find that any of the points made in the petition were overlooked or misapprehended in the former consideration of the case by this Court.

It may be added that as to the mode of trial, upon which petitioner cites Section 593 of the Code, it was emphasized in the judgment herein that there was a *consent* order of general reference. Such course came within the express terms of Section 593; and their respective consents thereto waived any rights of either of the parties to any other method of trial. Authority need not be cited for the latter.

The petition is refused.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND concur.