## 10813

### WILSON v. DOVE

#### (110 S. E. 390)

1. TAXATION—EVIDENCE HELD TO PROVE OFFICER DID NOT TAKE POSSESSION OF LOT PRIOR TO ADVERTISEMENT OF TAX SALE.—In action to set aside tax deed, evidence *held* to sustain finding that the officer who executed the process did not take exclusive possession of the lot prior to advertisement of sale as required by Civ. Code 1912, § 471.

2. APPEAL AND ERROR—RULING TO WHICH NO EXCEPTION IS TAKEN BECOMES LAW OF CASE.—Ruling of presiding Judge to which no exception is taken becomes the law of the case.

3. TAXATION—PLAINTIFF HELD PRECLUDED FROM SUING TO SET ASIDE TAX DEED WHERE PURCHASER IS IN POSSESSION.—An action to set aside a tax deed could not be maintained where officer who executed process went into possession, and tax purchaser took possession and has maintained possession since she received the deed, even though officer who executed process did not take exclusive possession prior to advertisement of sale.

4. TAXATION—REGULARITY OF TAX SALE PRESUMED.—Regularity of tax sale will be presumed under 1 Civ. Code 1912, § 474.

5. TAXATION—ACTION TO SET ASIDE TAX DEED BARRED MORE THAN THREE YEARS AFTER SALE WHERE PURCHASER HAD BEEN IN POSSESSION SINCE RECEIVING DEED.—Tax deed will not be set aside in action brought more than three years after the sale, and after the purchaser had been in possession since receiving the deed, being barred by the two-year statute of limitations.

Before WHALEY, J., County Court, Richland, May, 1921.* Reversed.

Action by Mrs. L. P. Wilson against Mrs. W. B. Dove. From judgment for plaintiff the defendant appeals.

*Mr. D. W. Robinson,* for appellant, cites: *Grantee in tax deed not precluded by recitals in it and their incorrectness may be shown*: 24 A. & E. Enc. L. (2nd Ed.) 59; 4 Enc. Ev. 185; 12 Id. 550, 555, 557; 113 Am. St. R. 290; 26 R. C. L. 422-424; 165 C. C. A. 606; 254 Fed. 379; 2 Hill 396; 2 N. & McC. 349; 109 S. C., 31. *Facts in regard to tax sale may be shown by evidence aliunde*: 40 S. C., 133; 31 S. C., 554; 37 S. C., 399; 15 S. C., 192; 80 S. C., 149. *Possession is matter of fact*: 82 S. C., 218; 105 S. C., 341. *Deed is evidence of claim of title*: 86 S. C., 467. *Cutting wood is evidence of possession*: 82 S. C., 359. *As are other particular acts*: 86 S. C., 469; 104 S. C., 384. *Where there is deed no enclosure or cultivation is necessary*: 107 S. C., 208. *Color of title*: 110 S. C., 447. *Payment of taxes is not evidence of title, but failure to pay is evidence that no*

17—S. C. 118

*claim was made*: 99 S. C., 180.  *To set aside tax sale tender must first be made of taxes due:* 92 U. S. 617; 103 U. S. 732; L. R. A. 1915, C. 497; 97 Fed. 719; 98 Fed. 10. *Equity cannot be invoked as there is adequate remedy at law*: 92 U. S., 614; 62 S. C., 504; 44 S. C., 445; 5 Pom. Eq. Jur. Sec. 2150.  *Cannot invoke equity to remove cloud on title not being in possession:* 76 S. C., 520; 4 Pom. Eq. 1399; 5 Pom. Eq. 2153; 46 L. R. A. (N. S.) 502.  *Action should have been at law for trespass or recovery*: 71 S. C., 327; 114 S. C., 458.

*Messrs. Graydon & Graydon,* for respondent, cite: *Purchaser at tax sale takes at his peril*: 3 Devlin Deeds, Secs. 1368, 1350, 1383; 13 Cyc. 611.  *Possession must be taken before advertisement*: 1 Civ. Code 1912, Sec. 471; 67 S. C., 526; 75 S. C., 252.  *Failure to make tender should have been raised by demurrer or answer*: Code. Proc. 1912. Sec. 198; L. R. A. 1915, C. 510.

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action to set aside, as a cloud upon the plaintiff's title, a certain tax deed executed and delivered by the proper municipal authority of the town of Eau Claire to the defendant, after sale of the lot under an execution for delinquent taxes.

The plaintiff's attack upon the tax deed is stated in the complaint in most general terms; that it "is of no force or effect, by reason of its illegality and failure to comply with the law regulating such sales."  The specific ground of attack as developed in the testimony and argument is that the officer who executed the process did not take exclusive possession of the lot prior to advertisement of the sale.

The following facts were developed upon the trial:

The plaintiff was delinquent in the payment of the municipal taxes for the years 1912, 1913, 1914, and 1915.  In

1916 the treasurer of the town council issued tax executions for these taxes and lodged them with the chief of police for enforcement. The lot was a vacant one, with some trees upon it. The officer took the executions and "went on the lot to take possession," locating the lot with the executions. Due advertisement of the sale was made in October, 1916, and the sale took place on sales day in November, 1916, the 6th day of the month, the defendant becoming the purchaser for the sum of $40, to whom a deed was executed and delivered covering the lot upon payment of the purchase price on September 29, 1917. The defendant went into possession under the deed, has paid taxes ever since, and cut some cordwood upon it. The deed which was executed and delivered by the chief of police to the defendant for the lot contains this recital:

"Whereas -by virtue of said warrant or execution I, S. M. Scott, chief of police of said town, and State aforesaid, did on the 6th day of November, A. D. 1916, seize and take exclusive possession of the property."

The presiding Judge held that the testimony of the officer "that he remembered going on the lot with the tax execution in his hand and taking possession by merely walking thereon" would have been a sufficient showing of his having taken exclusive possession of the lot as required by section 471, vol. 1, Code of Laws, A. D. 1912, if it had not been for the recital in his deed that he had taken possession on November 6, 1916, the day of the sale, and for his testimony, "This deed states correct dates; it was made out when I remembered the transaction and was familiar with it"; that this recital and testimony showed that he had not complied with the statutory requirement "to seize and take exclusive possession" of the property before advertising the sale, and that the deed was therefore void. As to the contention of the defendant that the plaintiff was not entitled to maintain the action to remove the cloud from her

title for the reason that she was not in possession of the lot at the time of the commencement of the action, the presiding Judge held, admitting the correctness of the rule, that the constructive possession of the plaintiff incident to her title was not interrupted by the possession assumed by the officer at a time not authorized by the statute.

We concur in the finding of fact by the presiding Judge that the officer did not take exclusive possession of the lot prior to the advertisement, not so much upon the recital of the deed that possession was taken on the day of sale, as upon the testimony of the officer that the date of that transaction as set forth in the deed at a time when his memory was fresh was correctly stated, and the utter absence of testimony otherwise to show the date of such possession.

As to the other holding of the presiding Judge, we are not in accord. He held that the plaintiff in order to maintain this action must have been in possession of the lot at the time of its institution, and cites *Pollitzer v. Beinkempen,* 76 S. C., 520, 57 S. E., 475 to sustain this declaration of the law. No exception is taken to that ruling, and, right or wrong, it is the law of the case. We may say, however, that the case cited fully sustains the ruling. He proceeds to hold that, because the officer did not take possession at the time required by the statute, he did not take possession at all, and that the possession of the plaintiff, presumed from her title, was never interrupted. This is in direct conflict with the testimony of the officer, the contention of the plaintiff, and the finding of the presiding Judge that the officer did not take possession until November 6, 1916, but that he did take possession on that day. The conclusion that such taking of possession was not a sufficient compliance with the statute to confer a valid tax title upon the purchaser is not a negation of the fact that possession was actually taken; it is an affirmation of that fact.

The officer testified that he went upon the vacant lot to take possession; that after the sale he went with the purchaser's husband and agent; showed him where the lot was; "I put him in possession; that is, I turned it over to him." The husband testified to the same effect, and that he had cut cordwood upon it and had ever since paid the taxes.

It seems indisputable that, whether in proper time or not to effectuate a valid tax sale, the officer went into possession of the lot, and that the defendant has been in possession ever since she received the deed. Hence under the law cited by the presiding Judge the plaintiff was not entitled to maintain this action.

Another consideration moves us to sustain the appeal in this case: The revenue of a municipal corporation is its lifeblood. The assurance of securing this revenue is in the efficacy of the ultimate remedy. This efficacy is strengthened by the presumption of regularity created by Section 474 and by the limitation to two years within which an action to recover must be brought. Even if the remedy provided by this section be not exclusive, it is clear that to permit an action such as the one at bar, after the lapse of more than three years, the purchaser in the meantime being in possession, would be to practically annul the limitation provided therein. If not so, it is difficult to see what benefit the removal of the cloud would be to the plaintiff, as she would still be confronted with the two-year limitation in an action to recover possession of the lot, which, the purchaser being in possession and refusing to surrender, she would be compelled to institute.

The judgment of this Court is that the judgment appealed from be reversed, and that the complaint be dismissed.