14427

HYMAN v. ARNOLD *ET AL.*

(189 S. E., 796)

*Mr. C. E. Gardner,* for appellants,

*Mr. B. W. Hyman,* for respondent,

February 2, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

It is sought in this action, commenced July 6, 1936, to have the Court set aside, because of its claimed invalidity, and as constituting a cloud upon plaintiff's title, a tax deed executed and delivered by one C. D. Lee, as tax collector for Darlington County, to the defendant C. S. Arnold. The complaint alleges that the plaintiff, under a certain deed to him from one K. Simon, is the owner and is seized in fee of the tract of land in question; that this land was advertised for sale for delinquent taxes, amounting to $275.89, for the years 1926, 1927, and 1928; that, pursuant to such advertisement, the property was offered for sale on January 6, 1930,

at which time the tax collector bid it in for $300.00, such bid, the highest made therefor, being recorded in the name of H. L. Sisk; that while the land was purportedly sold to Sisk, he was not present at the sale, did not authorize the bid to be made, did not pay the $300.00 "or any sum or sums of money whatsoever to the said tax collector or any other person or persons in compliance with his said bid," and no deed to the property was ever given him. The complaint further alleges: "That after the date of January 6th, 1930, the said H. L. Sisk was informed of the bid made as aforesaid and took possession of the said premises and duly used and farmed the same until the beginning of the year 1931; that the plaintiff is informed and believes that at the beginning of the year of 1932, the aforementioned C. D. Lee, as tax collector, took possession of said premises and duly used and farmed the same until the month of April, in the year of 1932; plaintiff is further informed and believes that during the month of April, in the year 1932, at the request of the said C. D. Lee, as tax collector for Darlington County, without any consideration, right or authority whatsoever, the said H. L. Sisk executed an instrument purporting to be an assignment of his purported bid of said land to the defendant, C. S. Arnold, who then and there received an instrument purporting to be a tax title for the above-described lands, dated April 27th, 1932, from the said tax collector for Darlington County, in which the consideration therein was stated to be the bid made by H. L. Sisk and said bid was therein stated to be in the sum of Two Hundred Seventy-five and 90/100 ($275.90) dollars * * * and plaintiff further alleges that the defendant C. S. Arnold, has been in possession of the said premises since the date of this purported deed, and is now in the possession of the same."

The plaintiff also demands judgment for $750.00, as the value of certain timber which he claims was wrongfully cut

and sold by the defendant Arnold; and for $600.00 as rent for the alleged use of the land since 1932.

The defendants C. S. Arnold and Sarah J. Arnold demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, setting out in detail the particulars in which it failed to do so.

Judge Dennis, who heard the matter, overruled the demurrer. We quote from his order:

"I have concluded that there was no valid and legal sale. There was no bid made by Mr. Sisk who is recorded as the bidder and the complaint shows that this was done without his knowledge or consent. There having been no bidder there could be no sale. Also it seems to me fatal that the amount of the bid as recorded was Three Hundred ($300.00) dollars, whereas the consideration paid by the defendants was for a smaller sum.

"It seems to me that the sale being null and void the section of the statute above quoted (2859 of the Code of 1932) has no application."

The defendants, the Arnolds, appeal to this Court. They challenge, by their several exceptions, the correctness of the holdings of the Circuit Judge, and charge him with error in failing to sustain the demurrer for reasons stated therein. We will not consider the exceptions seriatim, but will give to them, in our general discussion of the several questions presented, such attention as they may deserve.

An examination of the complaint discloses that it does not allege that any irregularities existed prior to the bidding. We may, therefore, properly assume that the delinquent taxes were legally due and unpaid, that an execution against the property was issued for their collection, and that the tax collector made a valid levy and duly advertised the land for sale according to law. In other words, that there was a valid judgment and execution to which the sale could be referred. The question, therefore, is whether

the alleged manner of the bidding and the amount paid for the deed by the defendant Arnold were such irregularities as rendered the tax deed invalid.

In *Dickson v. Burckmyer*, 67 S. C., 526, 46 S. E., 343, 344, 345, where it was contended that the facts alleged concerning the levy and assessment of the delinquent taxes and the sale of the property by the sheriff made the sale illegal and void, the Court said: "It should be borne in mind that the right to tax property, so essential to the very existence of government, under the laws of this state, can be enforced only by subjecting property to sale for nonpayment of taxes assessed against it. To hold tax sales invalid for slight and technical irregularities would therefore be to unreasonably embarrass the state in the collection of its revenue. The sound view is that all requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded mandatory, and are to be strictly enforced. On the other hand, those provisions of the statute designed merely for the guidance of the officer, in order to secure the due and orderly conduct of the public business, concern the state only, and, as to the individual taxpayer, are to be regarded directory; and the Courts will not, in his behalf, declare a tax sale void for failure by the officer to follow the strict letter of such provisions of law. Cooley on Taxation, 471; *French v. Edward*, 80 U. S. [(13 Wall.) 506], 510, 20 L. Ed., 702."

In the case at bar, the Circuit Judge concluded, as is seen from his order, that there was no valid and legal sale, for the reason that Sisk, who was recorded as the bidder, made no bid, and what was done was without his knowledge or consent. It appears, however, from the allegations of the complaint that Sisk, upon being informed of the bid as made, went into possession of the land and duly used and farmed it until the beginning of the year 1931, and

thereafter made an assignment of the bid to the defendant C. S. Arnold. From these allegations, it is clear that Sisk acquiesced in the bid as made at the sale and accepted it as his own.

Nor are we in accord with the holding that payment by the assignee Arnold of a consideration, as taxes and expenses, less than the amount of the bid, is fatal to the validity of the deed. In *Woody v. Dean,* 24 S. C., 499, the appellant complained of error on the part of the trial Judge "in charging that the sheriff could make a valid deed to Mrs. White, although she had not paid her bid in full, $19.00 being unpaid." This Court said: "The sheriff may have made himself responsible for this balance, if he executed the deed in advance of its payment, but the deed would not have been void on account of its nonpayment. Upon executing the deed, he is presumed to have received the money, and, as to the execution creditors, he would be estopped from denying it. Besides, there is no evidence that any one entitled to this balance has complained."

But the respondent argues that the *Woody case* may be differentiated from the one at bar, as there the sheriff failed to collect the whole consideration · as stated in his deed, while here the consideration expressed in the deed is smaller than the amount actually bid. We do not think that this is such a difference as would make the principle stated inapplicable to the instant case. Applying it here, it seems clear that, upon the execution of the deed by the tax collector, he is presumed to have received the whole amount of the bid and, as to the taxpayer or whoever might be entitled to the portion of the bid in excess of the consideration named in the deed, he would be estopped to deny it. Moreover, it does not appear that any one entitled to this excess has made any complaint.

The respondent also contends that the sale of the property was not made for cash, as required by Section 2855 of the Code of 1932, and that this is a

serious jurisdictional defect in the sale itself. It is alleged in the complaint that no money was paid the tax collector in compliance with the bid as made until more than two years after the sale, when the consideration named in the deed was paid by the defendant Arnold, to whom Sisk assigned the bid. If it should be held that this allegation shows a violation of the statute, we do not think that such irregularity, which at most, as to the taxpayer, would be a violation of a directory provision of the act, would render the tax deed invalid. If the tax collector failed to perform his duty in the respect named, then the state and county might properly require him to make good any loss that they had suffered through his failure to do so. As to the taxpayer, his rights were in no way affected, and he has made no complaint thereabout. He could have redeemed the property thus sold, at the expiration of the time provided for by the statute, if he had elected to do so.

In answer to the argument of the appellants in support of their exception, that the Circuit Judge erred in not sustaining the demurrer upon the ground that the complaint shows that plaintiff was not in possession of the property in question at the commencement of the action and had not been for some years prior thereto, the respondent urges "that where fraud is relied upon, an action to cancel a deed can be maintained though plaintiff is not in possession of the premises at the commencement thereof." Turning to the complaint, we find the allegation that all of the acts of the tax collector and of the defendant C. S. Arnold were done in a fraudulent manner. As to what Arnold did, however, it is only alleged that he accepted the assignment of the bid from Sisk, paid the tax collector the consideration named, accepted the deed, went into possession of the property at such time, and has remained in possession ever since. Certainly, it cannot be said that these allegations, admitted to be true, show any fraud on the part of Arnold. In *Woody v. Dean, supra,* it is said that "where a conveyance,

founded on a valuable consideration, is attacked for fraud, you must not only prove the fraud in the grantor, but you must go further and implicate the purchaser."

*Wilson v. Dove,* 118 S. C., 256, 110 S. E., 390, 391, was an action begun in 1921 to set aside, as a cloud upon the plaintiff's title, a tax deed to a lot sold for delinquent taxes by the town of Eau Claire. The sale was in November, 1916, and the property was purchased by the defendant, to whom the deed was executed on September 29, 1917, upon his payment of the amount of his bid. He went into immediate possession of the lot and was in possession at the time the action was brought.

The trial Judge held, under the facts of the case, that the officer who executed the process did not take exclusive possession of the lot prior to the advertisement of the sale, and found in favor of the plaintiff; but this Court, while agreeing that such finding of fact was correct, reversed the judgment below. The decision rested, as it appears, mainly upon the ground that the officer did go into possession of the lot at some time, and that the "defendant has been in possession ever since she received the deed," and hence, under the law, the plaintiff was not entitled to maintain the action. The Court also cited what is now Section 2859 of the Code of 1932, and said: "Even if the remedy provided by this section be not exclusive, it is clear that to permit an action such as the one at bar, after the lapse of more than three years, the purchaser in the meantime being in possession, would be to practically annul the limitation provided therein."

In the case at bar, the plaintiff does not challenge the fact that all the requirements of law leading up to the tax sale were complied with; and, as we hold, the alleged irregularities in the sale itself and subsequent thereto did not affect the substantial rights of the taxpayer and operate as an invalidation of the tax deed. Sisk, as we have said, accepted the bid as made and assigned it to the defendant C. S. Arnold, which he could do *(Dickson v. Buckmyer,*

*supra),* and Arnold paid the consideration named, went into possession of the premises under the deed given him by the tax collector, and had been in possession for four years at the commencement of this action. In these circumstances, we are of opinion that Section 2859 of the Code is applicable and that the limitation therein contained is a bar to the action here attempted to be prosecuted by the plaintiff.

*Glymph v. Smith,* 180 S. C., 382, 185 S. E., 911, 914, 105 A. L. R., 631, is not in conflict with the conclusions here reached. That case was decided upon its own peculiar facts, the Court pointing out what steps are necessary to be taken by the officer serving the process in order to give him the "exclusive possession" of the land contemplated by Section 2855 of the Code. The decision rests mainly upon the fact that the "sheriff never took possession of the land before the tax sale, nor did he ever place the plaintiff in possession of it following the execution of the tax deed to him"; and that the purchaser never had been in possession, but that the possession of the defendants had been continuous and uninterrupted.

We deem it unnecessary to discuss the other reasons stated why the demurrer should have been sustained.

The order appealed from is reversed, and the complaint dismissed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.