16087

DAVIS v. PALMETTO QUARRIES CO.
(48 S. E. (2d) 329)

*Messrs. C. T. Graydon* and *Herbert & Dial,* of Columbia, for Appellant, ▊

▊

*Messrs. Henry H. Edens, Henry Hammer* and *Claud N. Sapp, Jr.,* all of Columbia, for Respondent, ▊

▊

June 8, 1948.

STUKES, J.: Appeal was originally filed by the defendant in an action against it in the Richland County Court by Amanda Howard Neal, plaintiff. That appeal has been discontinued by consent, but upon request of all counsel engaged we proceed to determine it as if Alice Davis were respondent. She is the plaintiff in an identical action in the lower court and is the respondent in a similar, pending appeal. The proceedings in the County Court in both actions were the same.

The action is for damages and to abate an alleged nuisance. It is alleged in the complaint that plaintiff for a long prior time and now is owner of a dwelling at 1209 Dover Street, Columbia, and occupies it with her family as a homestead; that the defendant had for a long time prior, and now has, possession of premises in the immediate vicinity on which it has long operated, and now operates, a stone quarry, and it, "its agents, servants and employees, have negligently, carelessly, recklessly, wantonly and willfully, in utter disregard of plaintiff's rights, managed, supervised, maintained, controlled, used and operated the said quarry of the defendant in such a manner as to cause and still cause vibration of the earth to take place, and stone, dirt, dust and other substances to be thrown on plaintiff's premises, and great noises to continue at frequent intervals, and has maintained a nuisance, as a result of which plaintiff has been damaged"; that the delicts and nuisance of the defendant consist in numerous, specified particulars, without fault or negligence on the part of plaintiff; that the use of plaintiff's property is thereby destroyed, it being rendered unsuitable and unsalable for residential purposes, greatly depreciated and lessened in value, and, quoting again from the complaint, "the comfort of the plaintiff and her family and their health and welfare has been and are being greatly impaired," all to the plaintiff's damage in the sum of $3,-000.00; that plaintiff has requested the removal of the quarry and the abatement of the nuisance, which defendant has refused. The prayer of the complaint is for judgment that the nuisance be abated and the defendant permanently enjoined and restrained from maintaining a stone quarry on its premises, and for judgment against the defendant for $3,000.00.

The grounds of appeal will be stated and discussed in the order in which the exceptions (to the disposition of which our opinion is confined) were taken to the rulings of the lower court. The first imputes error for

refusal of a motion to require the plaintiff to elect, quoting from the motion, "whether his cause of action is one for nuisance, caused by negligence, or whether he is suing on a nuisance *per se*." The record as it reaches this court discloses no present controversy thereabout. In the order under appeal it was held that the complaint alleges the existence of a nuisance by reason of the location of the defendant's business, its surroundings and the manner in which it is operated, and also alleges certain acts of negligence, wantonness and willfullness which are practically inseparable and exist as a part of the nuisance; further that the plaintiff is proceeding on the theory of the existence of a nuisance *per accidens*. There is no appeal by plaintiff thereabout, so it is the law of this case that the complaint states a cause of action for nuisance *per accidens*. The classification is made clear in 39 Am. Jur. 289 *et seq.*, Nuisances, Sec. 11, and the distinction has heretofore been pointed out by this court. *Woods v. Rock Hill Fertilizer Co.*, 102 S. C. 442, 86 S. E. 817, Ann. Cas. 1917-D, 1149. Sec. 4 of the cited text (39 Am. Jur. 282) distinguishes between the torts of nuisance and negligence, but concludes that they are frequently co-existing and practically inseparable.

The defendant cannot complain if the plaintiff has alleged, and thereby undertaken to prove, more than enough to maintain her action for nuisance. See upon the non-necessity of negligence in such cases, *Frost v. Berkeley Phosphate Co.*, 42 S. C. 402, 20 S. E. 280, 26 L. R. A. 693, 46 Am. St. Rep. 736. We are dealing here, as there, with an alleged private nuisance, not public, 39 Am. Jur. 284, *et seq.*, and not an activity authorized by statute.

The second exception complains of error in the refusal of motion to strike from the complaint the allegation that the comfort of the plaintiff and her family and their health and welfare have been impaired. There is no error. The allegation will not support a verdict in this action which includes damages to the members of

plaintiff's family; but it is proper for a full statement of the alleged damages to the plaintiff as the owner of her home which the members of her family occupy' with her. It was said in *Woods v. Rock Hill Fertilizer Co., supra*: "The allegation that plaintiff's mother and sister live with her and suffer as alleged, though not strictly necessary to' the statement of plaintiff's cause of action, was not irrelevant thereto, because it tends to show the nature and extent of plaintiff's damages, since she has the right to have them live with her and enjoy the comforts of her home. In a like case, a plaintiff might allege injuries to his wife and children, or the keeper of a hotel or boarding house, to his guests, not to enable him to recover damages for what they suffered, but to show the nature and extent of his own damages [102 S. C. 442, 86 S. E. 819]."

The lower court, on motion of plaintiff, struck from defendant's answer the following: "defendant has by reason thereof for years past and at the present time has a large investment in said property in order that it may carry on a lawful and productive industry which is not only beneficial to the defendant but to the community in which it is located." Error is alleged, which is the basis of the third exception. It is argued that this is an allegation of a prescriptive right to operate the quarry. It appears too indefinite for that and (presently conclusive) the defense of prescriptive right is expressly alleged in the preceding portion of the same paragraph of the answer, untouched by the order under appeal. The court was influenced to strike the quoted allegations because of their apparent purpose to raise the irrelevant question of balance of convenience and advantage, and we agree. *Williams v. Haile Gold Mining Co.,* 85 S. C. 1, 66 S. E. 117, 1057. Annotation, 31 L. R. A., N. S., 881 (where it is called the "doctrine of comparative injury").

Error is assigned by the fourth exception to the striking of the following from defendant's answer, which the court struck as immaterial to the issues raised by the pleadings:

"that the ownership and operation of the defendant quarries were long prior to the ownership and occupation by the plaintiff and was well known to the plaintiff when she moved into and purchased the property now occupied by her, and that the defendant has not been disturbed in its operation and no suits in connection with the operation have heretofore been instituted and that suddenly and without warning there has been complaint made by people who have lived in the neighborhood for numbers of years and there have recently been filed numbers of suits alleging damages for operation of the quarry by persons who are thoroughly familiar with said operation and who have lived in the neighborhood for years, and that this defendant alleges that said actions were not brought on account of the operation of said quarry but are brought as the result of agitation and that the defendant respectfully shows that said suits were brought after many improvements were made to keep down the dust, noise and rock and that said suits are not well founded in law or in fact."

Evidence of some of the facts here attempted to be alleged will be relevant and admissible upon trial under other, unaffected allegations of the answer, particularly the express denial of the charges of negligence, etc., nuisance and damages, and the affirmative defense of an alleged prescriptive right to operate the quarry. The stricken allegations of the absence of former suits, others now pending, all the result of agitation, are obviously not matters of defense to the merits of the action in hand. The court did not err in granting the motion to strike the quoted allegations.

Affirmed and remanded.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.