17211

ORA BEST PRIESTER *et al.,* Appellants, v. CARLISLE
BRABHAM, Respondent

(95 S. E. (2d) 167)

*Fred L. Hiers, Esq.,* of Allendale, *for Appellants,*

*N. Heyward Clarkson, Jr., Esq.,* of Columbia, *for Respondent,*

October 29, 1956.

OXNER, Justice.

Appellants, the sole heirs at law of J. W. Priester who died intestate on or about May 28, 1932, seized and possessed of a 41-acre tract of land in Allendale County, seek in this action to set aside a tax deed made to the Forfeited Land Commission on December 7, 1938. The 41-acre tract was conveyed by the Commission on February 20, 1939, to one L. T. Pendarvis who thereupon went into possession. On April 10, 1946, Pendarvis conveyed said property to respondent Carlisle Brabham who has since been in continuous possession.

The tax sale was held in December, 1937, to satisfy delinquent taxes for the years 1927 through 1936. During this period the property was assessed for taxation in the name of J. W. Priester. Appellants claim that the tax sale was null and void because for some of the years mentioned the property was not assessed in the name of the true owners, and allege in their complaint that the three deeds under which respondent claims title "should be cancelled of record as being a cloud on the title and interests of plaintiffs."

In his answer respondent interposed numerous defenses, among them that the action was one to remove cloud on title and could not be maintained for the reason that at the time of the commencement of this action and for a number of years prior thereto, respondent had been in exclusive possession of the property.

The case was referred to a referee and heard on a stipulation of facts. The referee concluded that the action was barred by the two-year statute of limitations contained in Sections 65-2779 and 65-2769.1 of the 1952 Code, and also by laches. He did not consider the other defenses raised by respondent. The Circuit Judge did not pass upon the statute of limitations. He agreed with the referee on the defense of

laches and further held that the action was one to remove cloud from title and should be dismissed because appellants were not in possession.

It is argued that the action is primarily one for partition and sale of the property and division of the proceeds between appellants, who claim that as holders of the legal title they are in constructive possession of the 41-acre tract of land. But there is no exception to the holding of the Court below that the complaint states only a cause of action to remove cloud on title and should be dismissed because appellants are not in possession. This conclusion, right or wrong, is now the law of the case. *Wilson v. Dove,* 118 S. C. 256, 110 S. E. 390; *Jennings v. Southern Standard Ins. Co.,* 172 S. C. 496, 174 S. E. 433; *Bunton v. South Carolina State Highway Department,* 186 S. C. 463, 196 S. E. 188; *Davis v. Palmetto Quarries Co.,* 212 S. C. 496, 48 S. E. (2d) 329. In *State v. Alexander,* S. C., 95 S. E. (2d) 160, 163, we said: "[W]e cannot consider a question which is not properly raised by an appropriate exception."

Regarding the complaint, as we must in view of the construction placed upon it by the Circuit Judge to which there is no exception, as one to remove cloud on title, it follows that appellants, who the undisputed facts show are not in possession, cannot maintain this action. *Pollitzer v. Beinkempen,* 76 S. C. 517, 57 S. E. 475; *Wilson v. Dove, supra,* 118 S. C. 256, 110 S. E. 390; *Lancaster v. Miller,* 151 S. C. 233, 148 S. E. 371. If appellants thought the complaint stated facts warranting other relief, the question should have been raised by a proper exception.

In view of the foregoing conclusion we need not consider the exceptions. It may not be amiss, however, to say that it is very doubtful whether they are sufficient to raise the issues of laches and the statute of limitations discussed in appellants' brief.

Judgment affirmed and complaint dismissed.

STUKES, C. J., and TAYLOR and LEGGE, JJ., concur.

Moss, J., disqualified.