18449

Dayton E. DILL, Respondent, v. DANCE FREIGHT LINES,
Appellant

(146 S. E. (2d) 574)

*Messrs. Haynsworth, Perry, Bryant, Marion & John-stone,* of Greenville, *for Appellant,*

*Messrs. Neely & Otter,* of Anderson, *for Respondent,* ▉

January 27, 1966.

BUSSEY, Justice.

Plaintiff-respondent is the owner of a house and lot situated directly across the street from an unpaved freight yard and truck terminal operated by the defendant-appellant. In this action plaintiff sought to recover for damages caused to his property by dust from the terminal of the defendant and to enjoin an alleged nuisance. The jury returned a verdict for $75 actual damages, and from an order of the trial court overruling motions for a directed verdict and judgment *non obstante veredicto,* and granting an injunction, the defendant appeals.

While the exceptions impute error to the trial judge in overruling defendant's motions for directed verdict and for judgment *non obstante veredicto,* as we understand defendant's brief it is only argued here that the

issuance of the injunction was erroneous. If, perchance, we misconstrue the brief, it is sufficient to say that the evidence amply supports the verdict of the jury, and we proceed to consider whether or not there was any error in the issuance of the injunction.

The complaint alleges and the evidence reflects that the defedant's terminal is operated upon an unpaved, red clay lot of approximately two acres. The constant movement of trucks, trailers and heavy tractors, with downward exhausts, over the surface of the lot caused clouds of red dust to blow periodically upon the property of the plaintiff, causing his residence to become impregnated with the red dust, both inside and out, necessitating frequent cleaning and painting. The dust requires the plaintiff to keep the doors and windows of his home closed and prevents the use of his yard for drying clothes and other normal usages of a yard to a residence. The defendant's operations are conducted seven days a week, twenty-four hours a day. The dust is a constant detriment to the plaintiff and his property, except when the weather is wet or the wind is blowing with sufficient velocity, and in the proper direction, to carry the dust away from his property.

The foregoing facts are adduced from the testimony of the several witnesses who testified for the plaintiff, defendant having offered no evidence.

Following the verdict of the jury, counsel for the defendant submitted briefs in opposition to the granting of an injunction, and suggested that the judge should refer the question of whether an injunction should be issued to a referee for the purpose of taking additional testimony. This the judge declined to do, and after consideration of the briefs, issued the injunction which is now challenged by the defendant. In his order granting the injunction His Honor reviewed the facts, pointed to the fact that the defendant had not availed itself of the opportunity to offer any evidence upon the trial, and, *inter alia*, stated:

"The jury having found for plaintiff; plaintiff is entitled to an injunction. *Threatt v. Brewer Mining Co.,* 49 S. C. 95, 26 S. E. 970."

The defendant's principal contention on appeal seems to be that the order of injunction was based solely on the trial judge's conclusion, that he was bound as a matter of law, under authority of the cited case, to issue the injunction following the verdict of the jury in favor of the plaintiff. It is not clear from the order that such a conclusion was the sole basis thereof, but if it was, defendant concedes that there is ample authority for the trial judge's conclusion in this respect, and, accordingly, requested leave to criticize the decision in the cited case as well as the decision of this court in *Williams v. Haile Gold Mining Co.,* 85 S. C. 1, 66 S. E. 117, 118, and now urges us to overrule such decisions.

Both of the cited cases involved the pollution of streams flowing through the property of the respective plaintiffs. In the *Threatt* case it was held that where the plaintiff invoked the aid of equity to prevent the occurrence from day to day of injuries, for which he asked damages, caused by an alleged nuisance maintained by the defendant, and the existence of the nuisance was established by the verdict of the jury, the relief would be granted. In the *Williams* case the court said,

"It has been too frequently held by this court to require further discussion that, when the existence of a nuisance has been established by the verdict of a jury, the party injured is entitled as a matter of right to an injunction to prevent its continuance. *Threatt v. [Brewer] Mining Co.,* 49 S. C. 95, 26 S. E. 970; *Mason v. Apalache [Mills],* 81 S. C. 554, 62 S. E. 399, 871. Whatever may be the doctrine in other states, under the provisions of the Constitution of this state, that private property shall not be taken for private use without the consent of the owner, the court could not have considered, in deciding whether to grant or refuse the injunction, the question raised by the

defendant as to the balance of convenience, or of advantage or disadvantage to the plaintiff and defendant and the public at large, for the defendant's use of the stream."

It is argued that the foregoing authorities should be overruled, because economic and social conditions developed since the time of those decisions require the consideration of other factors. Briefly stated, it is urged that the trial court should have taken additional evidence with respect to the balance of convenience and advantage between the parties and determined on such basis whether or not an injunction should be issued.

Defendant cites a number of decisions of this court, and quotes excerpts therefrom in support of the contention that the decisions above mentioned are outdated and should be overruled. In some instances the language relied upon is pure *dicta,* and in others the language relied upon is not all applicable to the facts of this case. We shall not here undertake to analyze and review all of the decisions relied upon as none of them, we think, is in point with the instant case, either on the facts or the law.

Overlooked by the defendant is the fairly recent decision in *Davis v. Palmetto Quarries Co.,* 212 S. C. 496, 48 S. E. (2d) 329. There the plaintiff sued for damages and to abate an alleged nuisance arising out of a quarry operation by the defendant. The lower court, on motion of the plaintiff, struck from the defendant's answer language which sought to raise the question of balance of convenience and advantage between the parties. In affirming this court said,

"The court was influenced to strike the quoted allegations because of their apparent purpose to raise the irrelevant question of balance of convenience and advantage, and we agree. *Williams v. Haile Gold Mining Co.,* 85 S. C. 1, 66 S. E. 117, 118. Annotation, 31 L. R. A., N. S., 881 (where it is called the 'doctrine of comparative injury')."

The existence of a nuisance in the instant case was clearly established, not only by the verdict of the jury, but by the evidence in the case. The plaintiff

sought and was granted only a prohibitory injunction and we see absolutely nothing in the facts of the instant case, or the argument of the appellant, which would warrant this court in either modifying or overruling the authorities hereinabove cited.

The only other question raised by the appeal which requires any discussion is the contention of the defendant that the injunctive order, as issued, goes beyond the requirements of the case and, in effect, restrains the general and total operation of the defendant's business. We do not so construe it. While the language of the injunctive order is rather broad and general, as we construe the same, it only enjoins the defendant from operating its terminal in such a manner as to continually and frequently cause the dust complained of to be cast upon the property of the plaintiff. The defendant is perfectly free to operate its terminal and is, of course, free to devise its own means to prevent damaging the plaintiff in the future. Thus construed, we find no error in the issuance of the injunction by the lower court.

Affirmed.

Moss, Lewis and Brailsford, JJ., concur.