### 0924

Karole K. JENSEN, as Administratrix of the Estate of Sylvia Brown, Deceased, Appellant v. Virgil CONRAD, Individually and In His Capacity As Commissioner of The South Carolina Department of Social Services; South Carolina Department of Social Services; Mary Williams; Patricia Jones and Barbara Locklair, of which Mary Williams and Patricia Jones are Respondents.

(355 S. E. (2d) 11)

Court of Appeals

*Charles L. Henshaw, Jr.* and *O. Fayrell Furr, Jr.*, both of *Law Offices of O. Fayrell Furr, Jr.*, Columbia, *for appellant.*

*Steven W. Ouzts*, of *Turner, Padget, Graham & Laney*, Columbia and *George C. Beighley*, of *Richardson, Plowden, Grier & Howser*, Columbia, *for respondents.*

Heard Oct. 21, 1986.

Decided April 6, 1987.

SANDERS, Chief Judge:

This is an appeal from summary judgment granted to respondents Mary Williams and Patricia Jones in actions by appellant, Karole K. Jensen, as administratrix of the estate of Sylvia Brown. The trial judge held the actions were barred as to Williams and Jones by the statute of limitations, rejecting the arguments by Jensen that the statute was tolled by either timely service on co-defendant South Carolina Department of Social Services (DSS) or delivery of the summonses to the sheriff of Richland County. We affirm.

Jensen commenced wrongful death and survival actions alleging Sylvia Brown died at the hands of her parent. Facts in the complaints admitted by Williams and Jones show that in March 1979, DSS began to investigate reports of suspected abuse against Jensen's decedent Sylvia Brown, a

four-month old infant at the time. Williams and Jones were DSS case workers participating in the Brown case. On May 11, 1979, Sylvia Brown was brought to the Richland Memorial Hospital and pronounced dead on arrival.

Jensen filed these actions May 9, 1985, naming among the defendants DSS, Williams, and Jones. DSS was served May 10, 1985. Williams was served May 13, 1985, and Jones was served July 3, 1985.

The complaints included allegations that DSS had been negligent in: (1) failing to report the case to the proper authorities; (2) maintaining inadequate investigation and follow-up procedures; (3) using unqualified case workers; (4) failing to supervise case workers properly; and (5) assigning case workers excessively high caseloads. As to Williams and Jones the complaints included allegations that they had been negligent in: (1) assuming responsibilities for which they were not qualified; (2) discharging the case without consulting their supervisors; (3) failing to notify the proper authorities about the case; and (4) failing to discharge their responsibilities adequately.

By consent orders filed July 16, 1985, DSS was dismissed because of an exception to the abolition of sovereign immunity. *See McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985).

The parties agree that the applicable limitations period is six years and began to run May 11, 1979. They also agree that actual service on both Williams and Jones took place after the limitations period had expired.

■ Jensen argues that the action was commenced within the limitations period as to Williams and Jones by operation of either or both of two savings provisions in now repealed Section 15-3-10, Code of Laws of South Carolina (1976). That statute, in effect when the defendants were served, defined when an action was deemed commenced.

The first sentence of Section 15-3-10 read as follows: "An action is commenced as to each defendant when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

Jensen argues that DSS was a co-defendant "united in interest" with Williams and Jones so that the action was

commenced as to Williams and Jones at the time of service on DSS. She asserts that a unity of interest existed between DSS and the two case workers, Williams and Jones, because of an employer-employee relationship and by her allegation that DSS was vicariously liable for injuries caused by its employees' negligence.

No South Carolina cases have addressed the application of the term "unity of interest" as used in Section 15-3-10 specifically to an employer-employee relationship. The parties direct our attention to New York decisions interpreting a similar provision of the New York code.

In the leading New York case on this matter, the Court of Appeals held that parties are united in interest "[i]f [their] interest . . . in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other. . . ." *See Prudential Insurance Company of America v. Stone*, 270 N. Y. 154, 159, 200 N. E. 679, 680 (1936). Applying this test, a New York appellate court has more recently reasoned that where a principal can be held either vicariously liable under the doctrine of *respondeat superior* for the negligence of its agent or independently liable without a finding of liability against the agent, the two are not united in interest. *See Scher v. Kronman*, 70 A. D. (2d) 354, 420 N. Y. S. (2d) 714 (1979). We find this authority persuasive.

In this case DSS was charged with acts of negligence in the death of Sylvia Brown independent of the charges of negligence alleged against Williams and Jones. The specifications of negligence against DSS would support a verdict against it for its active participation in the alleged wrong wholly apart from any vicarious liability that could be imposed on it by reason of the independent acts of negligence of its employees. DSS therefore could be found liable even if Wiliams and Jones were exonerated of the allegations of their negligent conduct. Thus, under the reasoning of *Scher v. Kronman*, Williams and Jones were not united in interest with DSS within the meaning of Section 15-3-10.

In support of her argument on this point, Jensen relies on *Connell v. Hayden*, 83 A. D. (2d) 30, 443 N. Y. S. (2d) 383 (1981). We have examined this case and find that its holding is consistent with the result which we have reached. There

the Court ruled that two defendants were united in interest because recovery was sought against one of them only by reason of its vicarious liability for the acts of the other.

Jensen argues alternatively based on the second provision of Section 15-3-10, which read in part:

> An attempt to commence an action is deemed equivalent to the commencement thereof within the meaning of this Title, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendant or one of them usually or last resided. . . .

The record shows that on May 10, 1985, summonses designated for service on Jones were delivered to the sheriff of Richland County. A deputy sheriff of Richland County returned an affidavit of nonservice. Jones was at the time a resident of Greenville County, where she was eventually served by the Greenville County Sheriff on July 3, 1985. DSS was served in Richland County by a private process server May 10, 1985.

Jensen argues that under the above-cited provision, delivery on May 10, 1985 of the summonses designated to be served on Jones to the sheriff of Richland County was effective to toll the statute of limitations as against all defendants because co-defendant DSS was a resident of Richland County. She further asserts the requisite "intent" that the summonses be actually served is demonstrated by the fact that DSS was served, though by a private process server.

The trial judge ruled this provision ineffective to toll the statute of limitations as to Williams and Jones for two reasons. First, the Court held the summonses were never delivered to the sheriff of Richland County with the requisite intent they be served on DSS. The trial judge also ruled that the second provision of Section 15-3-10 must be read together with the first sentence of the statute requiring defendants to be united in interest in order for service on a co-defendant to toll the statute of limitations as to the other co-defendants.

On appeal, Jensen challenges only the first reason given by the trial judge for his ruling. She does not challenge on appeal the holding that a unity of inter-

est must exist before the second savings provision can apply. This alternative ruling constitutes an independent ground to support the trial judge's ruling. Since it is not excepted to, it is the law of the case and not reviewable on appeal. *Folkens v. Hunt*, 290 S. C. 194, 348 S. E. (2d) 839 (Ct. App. 1986). In any event, we agree with the interpretation of this provision by the trial judge.

Accordingly, the order of the trial judge is

Affirmed.

GARDNER and CURETON, JJ., concur.