1475

CAROLINA BUSINESS BROKERS, d/b/a Sunbelt Business Brokers, Respondent v. George C. STRICKLAND, Appellant.

(392 S. E. (2d) 469)

Court of Appeals

*Philip A. Middleton, Thomas J. Wills, IV*, and *Robert A. Patterson* of Barnwell, *Whaley, Patterson & Helms*, Charleston, *for appellant.*

*Robin L. Hitchcock* of *Brock & Hitchcock*, Charleston, *for respondent.*

Submitted Feb. 21, 1990.

Decided April 2, 1990.

Certiorari Denied June 2, 1990.

SHAW, Judge:

This case comes before us on remand from our Supreme Court with instructions to address only those issues which were properly excepted to and briefed pursuant to *Connolly v. People's Life Ins. Co.*, 299 S.C. 348, 384 S.E. (2d) 738 (1989). After a review of the record, we affirm the order of the master awarding Sunbelt a $40,000 commission and attorney's fees.

The facts of this case are sufficiently set forth in *Carolina Business Brokers v. Strickland*, 299 S.C. 237, 384 S.E. (2d) 72 (Ct. App. 1989) and are incorporated thereto. Additional facts are given in conjunction with the various exceptions raised by Strickland.

Strickland first contends the master erred in failing to find the listing agreement ambiguous and that Sunbelt failed to comply with its terms. The master found the agreement was not ambiguous as the language of the contract was plain and capable of legal construction. Strickland apparently does not dispute that the language of the agreement was clear He argues, however, it was ambiguous for he did not intend to sell all of the assets of his business. In taking this position, Strickland contends a prior agreement signed by him with a different brokerage business in which Pendarvis acted as his broker should be construed with the listing agreement signed on May 8, 1985 with Sunbelt. He argues the agreement signed May 8, 1985 was merely a

"formalization and continuance" of the initial agreement signed December 11, 1982. The initial listing agreement does not specify exactly what was for sale. The May 1985 listing agreement provided for the sale of "the assets of the above described business including all fixtures, goodwill, trademarks, trade names and inventory associated therewith." A handwritten notation excluded only the office fixtures and equipment. Strickland admitted he failed to read the above language in the May 1985 listing agreement assuming it was basically the same the December 1982 agreement.

The language of the May 1985 listing agreement is clear. There is no indication the December 1982 agreement was to have any effect on the May 1985 agreement. Further, there is no evidence of exactly what Strickland intended to sell under the December 1982 agreement. Strickland's failure to read the May 1985 agreement will not excuse him from its terms, for one who is capable of reading and understanding but fails to read a contract before signing is bound by the terms thereto. *Evans v. State Farm Mut. Auto. Ins. Co.* 269 S.C. 584, 239 S.E. (2d) 76 (1977). As found by the master, the record shows Strickland was capable of reading and understanding the contract before him.

Strickland further argues ambiguity exists in the May 1985 agreement by virtue of the fact that it provides he must net $610,000 and if he sold the assets of the business, excluding fixtures and equipment, it would be impossible to net that amount. This assertion by Strickland is conclusory at best. Further, Strickland failed to show this point was raised before the master.

Strickland next contends the master erred in failing to find Sunbelt owed a fiduciary duty to Strickland which Sunbelt breached. Specifically, Strickland contends Sunbelt breached this duty by failing to inform him about Bring's proposed financing of the purchase price which would have an adverse effect on Strickland's net profit from the sale. We find a review of the record does not mandate a finding that Sunbelt breached its fiduciary duty. Further, while the master found Strickland was bound by the terms of the May 1985 listing agreement, he made no specific ruling on whether Sunbelt breached a fiduciary duty. There is no evidence Strickland made a motion under Rule 59(e) S.C.R.C.P.

for consideration of this issue, therefore, the issue is not properly preserved for review. *Kneece v. Kneece,* 296 S.C. 28, 370 S.E. (2d) 288 (Ct. App. 1988); *Talley v. S.C. Higher Education Tuition Grants Committee,* 289 S.C. 483, 347 S.E. (2d) 99 (1986).

Strickland also argues the master erred in failing to find there was a mutual mistake between Strickland and Bring as to what was being sold. He argues he intended to sell his book of business only, while Bring was planning to purchase the business' assets as well as book of business. The record before us clearly establishes that Bring intended to purchase the assets of the business as set forth in the listing agreement and the master properly concluded any mistake was of a unilateral and not mutual nature.

Strickland further challenges the master's finding that Sunbelt procured a ready, willing and able purchaser.

While it is questionable as to whether Bring could be considered a ready, willing and able purchaser under the facts of this case, such is not determinative of the appeal before us, for the master made an alternate ruling to which no exception was raised. The order provides as follows:

> In the case at bar, this Court concludes that [Strickland's] informing the prospective purchaser that he did not want to sell his business and his failure to provide the year-end financials for review by the prospective purchaser constitute a withdrawal of his business from sale and a refusal to comply with the terms of the Listing Agreement between the parties and that under the terms of said agreement [Sunbelt] is thereby entitled to its commission in the amount of Forty Thousand ($40,000) Dollars.

There being no exception to this holding, right or wrong, it is now the law of the case. *Prister v. Brabham,* 230 S.C. 201, 95 S.E. (2d) 167 (1956). This alternative ruling constitutes an independent ground to support the master's ruling. *See Jensen v. Conrad,* 292 S.C. 124, 355 S.E. (2d) 11 (Ct. App. 1987).

Strickland further contends the master erred in awarding over $17,000 in attorney's fees. He first alleges error in the master's award of these fees subsequent to the filing of the notice of intent to appeal. He

also contends the award of over $17,000 was excessive and an abuse of the master's discretion. We disagree.

In the master's September 20, 1987 order granting judgment for Sunbelt, the master found Sunbelt was entitled to "the costs of this action, including attorney's fees in an amount to be determined by this Court." On October 6, 1987 and November 5, 1987, the master held a hearing on the matter. On December 2, 1987, he issued his order finding Sunbelt entitled to $17,431.72 in costs, including attorney's fees. He further noted that Strickland, at the prior hearing, requested an opportunity to question the amount of attorney's fees and that "[t]his hearing was held pursuant to said request by [Strickland]." Strickland now claims the master had no jurisdiction to award these fees as the notice of intent to appeal divested him of jurisdiction.

It is clear from the master's order of September that the attorney's fees and costs were to be awarded. Strickland did not appeal from this portion of the order finding an award was appropriate. Supreme Court Rule 18 § 3B provides, "Nothing herein shall deprive the lower court, commission or other tribunal from proceeding with matters not affected by the appeal" after service of a notice of intent to appeal. The award of costs and fees were not at that time affected by the appeal. Further, it is apparent from the record the master allowed the later hearing on attorney's fees pursuant to the request of Strickland. There is also ample evidence in the record to support the award of $17,431.72 in fees and costs. The award is therefore affirmed.

Finally, Strickland contends the master erred in awarding Sunbelt a full commission because the two brokers involved in the matter were only entitled to $10,000 a piece. Strickland offers no authority for this position. The evidence is clear that the commission was to be divided such that the brokers would each receive 25% and the agency itself would receive the other 50%. The contract was between Strickland and Sunbelt and provided for a $40,000 commission. We find no merit to this argument.

For the foregoing reasons, the order above is

Affirmed.

SANDERS, C.J., and LITTLEJOHN, J., concur.