FACTS

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Danny Averette,       
Respondent,
 
 
 

v.

 
 
 
Elaine Averette Browning,       
Appellant.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Master in Equity

Unpublished Opinion No. 2005-UP-016
Submitted December 1, 2004  Filed January 
 13, 2005

AFFIRMED

 
 
 
V. M. Manning Smith, of Beaufort, for Appellant.
J. Thomas Mikell, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  This is an appeal 
 from an order finding Elaine Averette Browning in contempt for building a fence 
 on property belonging to her brother, Danny Averette, as determined in an order 
 from a prior adjudication.  We affirm. 
FACTS
M.C. Averette owned lots 9, 10, 11, and 
 12 of the North View Subdivision located on Port Royal Island in Beaufort County.  
 On December 31, 1992, he transferred the property to his son, Danny Averette, 
 and his daughter, Elaine Averette Browning, by deed. Of the four lots, Elaine 
 was granted lot 12 and the [w]esternmost 60 feet of lot 11.  The deed stated 
 that the portion of lot 11 deeded to Elaine was bounded on the west by an unnamed 
 18 foot road separating it from lot 12, and on the east by the remaining portion 
 of lot 11, which was conveyed to Danny.  Danny was simultaneously granted lots 
 9 and 10, as well as the remaining portion of lot 11, described as that portion 
 remaining of said lot after the Westernmost 60 feet of said lot is simultaneously 
 conveyed to Elaine A. Browning.  Both deeds reference the subdivision plat, 
 which illustrates an 18-foot road running between lots 11 and 12.  This dispute 
 arose because the 18-foot road did not exist and lot 11 was actually bounded 
 on its west by lot 12.  Danny brought an action to have the master-in-equity 
 declare the true boundary.  
The master divided the property as follows:

Even though there is no 18 foot road, I find that I can 
 best effect the grantors wishes by following exactly what he says about the 
 division of Lot eleven:  [Elaine] is entitled to Lot 12 as shown on the plat 
 of Gasque and Associates 7/20/98 and the [Danny] is entitled to Lot 10 as shown 
 on that plat and other plats introduced into evidence.  Lot 11 shall be divided 
 as provided by the deeds quoted above between [Danny] and [Elaine]:  [Elaine] 
 shall have the Westernmost 60 feet of Lot 11 and [Danny] shall have the Easternmost 
 139 feet, more or less, making the line of division that [sic] found on Gasques 
 plat referred to above as the line running N33º2636E.

Following the order, Elaine built a wooden fence approximately eighteen 
 feet east of the dividing line marked N33º2636E on the Gasque plat.  Upon 
 motion to hold Elaine in contempt, the master determined that the fence was 
 a violation of its order, Elaine was aware of the order, and her actions constituted 
 contempt of court. [1]   The court ordered the removal 
 of the fence within thirty days.  Elaine appeals.
LAW/ANALYSIS
Elaine argues 
 that the trial court erred in its determination of the boundary line.  However, 
 she did not appeal the May 10, 2000 order of the trial court, which determined 
 the boundary lines of the respective properties.  Therefore, the boundary lines 
 articulated in that order are the law of the case.  See Tolers Cove 
 Homeowners Assn v. Trident Constr. Co., 355 S.C. 605, 610, 586 S.E.2d 581, 
 584 (2003) (stating a finding that neither party has appealed is the law of 
 the case); Priester v. Brabham, 230 S.C. 201, 203, 95 S.E.2d 167, 168 
 (1956) (stating an unappealed decision, right or wrong, is now the law of the 
 case).  
Alternatively, Elaines remaining arguments assert that the May 10, 
 2003 order is ambiguous and lacks clarity such that it is unenforceable.  We 
 disagree. [2] 
This court will reverse a trial courts decision regarding contempt 
 only if it is without evidentiary support or is an abuse of discretion.   An 
 abuse of discretion can occur where the trial courts ruling is based on an 
 error of law.  First Union Natl Bank v. First Citizens Bank and Trust Co., 
 346 S.C. 462, 466, 551 S.E.2d 301, 303 (Ct. App. 2001) (citations omitted).
It is well settled that contempt results from willful disobedience 
 of a court order; and before a person may be held in contempt, the record must 
 be clear and specific as to acts or conduct upon which the contempt is based.  
 Cheap-Os Truck Stop, Inc. v. Cloyd,  350 S.C. 596, 607, 567 S.E.2d 
 514, 519 (Ct. App. 2002) (quoting State v. Bevilacqua, 316 S.C. 
 122, 129, 447 S.E.2d 213, 217 (Ct. App. 1994)).  A willful act is defined as 
 one done voluntarily and intentionally with the specific intent to do something 
 the law forbids, or with the specific intent to fail to do something the law 
 requires to be done; that is to say, with bad purpose either to disobey or disregard 
 the law.  Spartanburg County Dept of Social Services v. Padgett, 296 
 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988) (quoting Blacks Law Dictionary 
 1434 (5th Ed. 1979)).  However, [o]ne may not be convicted of contempt for 
 violating a court order which fails to tell him in definite terms what he must 
 do.  Welchel v. Boyter, 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973). 

We find the May 10, 2003 order of the master making the line of division 
 that [sic] found on Gasques plat referred to above as the line running N33º2636E, 
 clearly and unambiguously describes the dividing line between Elaine and Dannys 
 property.  The fact that the master granted Danny the easternmost 139 feet, 
 more or less, clearly refers to the inches the master excluded in making his 
 calculation. [3]    Moreover, 
 we find that Elaines erection of the fence approximate eighteen feet east of 
 that dividing line to be a willful violation of the order.   For these reasons, 
 the contempt order of the trial court is 
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., 
 concur. 

 
 
 [1] Based on the statements in the masters order, a hearing on the motion 
 was held on October 22, 2001.  A transcript from that hearing does not appear 
 in the record on appeal.  

 
 
 [2] Arguably, this issue is not preserved for appeal.  Without the transcript 
 of the hearing, we are unable to discern what issues were raised to the master.  
 Further, the masters order does not specifically find the previous order 
 unambiguous.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 
 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for 
 the first time on appeal, but must have been raised to and ruled upon by the 
 trial judge to be preserved for appellate review.).  

 
 
 [3] Additionally, the deeds granting the property to both Elaine and Danny 
 excluded the inches and just used feet in measuring the division of the property.  
 Only the plats introduced into evidence set forth the distances between the 
 property lines and the distances between the disputed lines using feet and 
 inches.